UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIGIOTTA'S FARMLAND PRODUCE AND GARDEN CENTER, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED POTATO GROWERS OF IDAHO, INC.; *et al*,<br><br>Defendant. | Case No. 4:10-CV-307-BLW<br><br>**ORDER GRANTING MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL** |

The Court has before it Plaintiff Brigiotta's Farmland Produce and Garden Center, Inc's Motion for Appointment of Interim Class Counsel pursuant to Federal Rule of Civil Procedure 23(g)(3) (Dkt. 91). The motion is unopposed.

Federal Rule of Civil Procedure 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the class." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities . . . . " *In re Municipal Derivatives Antitrust Litigation*, 252 F.R.D. 184, 185-86 (S.D.N.Y. 2008) (citing Manual For Complex Litigation (Fourth) § 21.11 (2004)). Courts generally

look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A) when appointing interim counsel. *Id*. at 186. Rule 23(g)(1)(A) provides that the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class.

*Id*. The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). Further, courts have appointed more than one firm to act in a leadership capacity. *Four In One Co., Inc. v. SK Foods*, 2009 WL 747160 at *3 (E.D.Cal 2009). Courts have also appointed an executive committee to assist in carrying out the fulfillment of leadership duties. *In Re Rail Freight Surcharge Antitrust Litig.*, 2008 WL 1883447 at *3 (D.D.C. 2008).

Because of the complex issues in this case and the number of defendants, proposed interim counsel propose a plaintiff's executive committee ("PEC") comprised of 9 members and 1 chair. Counsel suggest that approval of the proposed interim leadership structure will allow for, inter alia, (1) the coordinated preparation and filing of any amended complaint; (2) the efficient prosecution of this action and appointment of permanent class co-counsel; and (3) the facilitation of any potential settlement discussions which may occur in the future.

Counsel also suggest that the presence of geographically diverse supporting firms will provide more putative class members local and accessible attorneys with whom to consult. Counsel state that the PEC will enable plaintiff's counsel to organize and develop a plan for conducting the litigation on behalf of the class, to consult and employ experts, to coordinate briefing and argument of motions, and prepare, file and serve opposition briefs initiated by defendants. The PEC will also enable coordination of discovery proceedings, including preparation of joint written interrogatories and requests for the production of documents, and to coordinate the selection of counsel to act as spokespersons at hearings or pretrial conferences. Counsel also suggest that creation of the PEC will allow the class to benefit from the work and insight of firms that have been involved in this litigation since its inception. At the same time, by placing the PEC under the direction and authority of Co-Lead Counsel, Counsel suggest that the Court and the class can be assured there will be no unnecessary duplications of work. The Court agrees with counsel's assertions.

With respect to the first factor under Rule 23(g)(1)(A) – work counsel has done in identifying or investigating potential claims in the action – proposed interim counsel explain that the PEC in this case has filed a comprehensive, 80-page Complaint detailing plaintiff's allegations and claims. Counsel further explain that the Complaint is the result of a significant, independent investigation that was developed over the course of nearly a year and a half. Counsel have engaged in substantial research related to the potato

industry, including speaking with confidential witnesses and researching news articles, public reports and statements of the defendants, the alleged nature of the defendants' alliances and business dealings, and performing preliminary economic analysis on the impact of the alleged conspiracy on pricing.  Counsel suggest that they have expended substantial attorney time on this matter in the course of investigation and development of legal theories, and are extremely well-versed in the relevant legal issues.  Based on this information, the Court finds that the first factor – the work counsel has done in identifying or investigating potential claims in the action – weighs in favor of appointing interim counsel as proposed.

With respect to the second and third factors – counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action, and counsel's knowledge of the applicable law – counsel assert that the firms constituting the proposed PEC are experienced in efficiently litigating complex commercial cases and have extensive knowledge of the applicable law.  Counsel note that Hausfeld LLP, proposed chair of the PEC, is widely acknowledged to be one of the nation's most notable plaintiff's class action firms, and its attorneys possess wide-ranging expertise in class action litigation which they will bring to bear in this matter.  Counsel point out that Hausfeld attorneys have been repeatedly recognized as leaders in the class action bar by publications such as The New York Times and The Wall Street Journal.  Specifically, Michael D. Hausfeld's career has included large class actions in the fields of consumer

protection, antitrust law, and human rights. This experience demonstrates Hausfeld LLP's qualifications to serve as Chair of the PEC in this case.

Proposed liaison counsel, Philip Gordon, has been liaison counsel for many securities fraud class actions before this Court. His firm's practice specializes in a wide range of class actions litigation, including securities, consumer products, anti-trust, insurance, taxation and human rights. The additional proposed PEC members (Bernstein Liebhard LLP; Freed Kanner London & Millen; Girardi | Keese; Labaton Sucharow LLP; Pearson Simon Warshaw Penny, LLP; Robbins Geller Rudman & Dowd LLP; Spector Roseman Kodroff & Willis, P.C.; Steyer Lowenthal Boodrookas Alvarez & Smith LLP; and Weinstein Kitchenoff & Asher LLC) are similarly well-experienced in complex class action and antitrust law having served in leadership positions in dozens of cases. Accordingly, the second and third factors – counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action, and counsel's knowledge of the applicable law – also weigh in favor of appointing interim counsel as proposed.

As to the final factor – the resources counsel will commit to representing the class – counsel assert that they have the staffing and resources necessary to aggressively prosecute this case. Counsel indicate that in addition to their lawyer professionals, the proposed firms also maintain staffs with dozens of paralegals, investigators, litigation support staff, and others. These firms have prosecuted and financed large civil litigation

ORDER - 5

in the United States. Based on this information, the Court finds that the final factor also weighs in favor of appointing counsel as proposed.

Accordingly, the Court will appoint an Executive Committee of the above-listed firms, appoint Hausfeld as Chair of the Committee, and appoint Gordon Law Offices as Liaison Counsel.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED as follows:

The Court appoints a Plaintiffs Executive Committee ("PEC") consisting of the following firms: Hausfeld LLP; Bernstein Liebhard LLP; Freed Kanner London & Millen; Girardi I Keese; Labaton Sucharow LLP; Pearson Simon Warshaw Penny, LLP; Robbins Geller Rudman & Dowd LLP; Spector Roseman Kodroff & Willis, P.C.; Steyer Lowenthal Boodrookas Alvarez & Smith LLP; and Weinstein Kitchenoff & Asher LLC. The PEC will be responsible for the overall conduct of the litigation on behalf of the class plaintiffs.

The Court appoints Hausfeld LLP to serve as Chair of the Committee. The Chair of the Committee shall have the following responsibilities:

    1.    to designate plaintiff's counsel to act as spokespersons at pretrial conferences;

    2.    to call meetings of plaintiff's counsel when appropriate;

3. to assign work among interested plaintiff's counsel, in consultation with the PEC, in order to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

4. to collect funds from plaintiff's counsel as needed to defray the common costs incurred in the prosecution of this litigation;

5. to require and collect from plaintiff's counsel periodic reporting of their time and expenses incurred in the litigation;

6. to coordinate and communicate with defendant's counsel with respect to matters addressed in this paragraph; and

7. to allocate any fees in consultation with the PEC.

The PEC, under the direction of the Chair of the Committee, shall have the following responsibilities:

1. to organize and develop a plan for conducting the litigation;

2. to coordinate briefing and argument of motions and preparation, service and filing of opposing briefs in proceedings initiated by other parties;

3. to initiate and conduct discovery proceedings;

4. to negotiate with defense counsel with respect to settlement and other matters;

5. to conduct trial and post-trial proceedings;

6. to consult with and employ experts;

7. to perform such other duties and undertake such responsibilities as they deem necessary or desirable; and

8. to coordinate and communicate with defendants' counsel with respect to matters addressed in this paragraph.

The Court appoints Gordon Law Offices as plaintiff's liaison counsel which shall have the following responsibilities:

1. to receive orders, notices, correspondence, and telephone calls from the Court on behalf of all plaintiffs;

2. to maintain up-to-date service list of all counsel for distributing copies of orders, notices, and other documents to plaintiff's counsel; and

3. to perform any other task assigned by the PEC.

DATED: **October 4, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge