UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION | Case No. 4:10-MD-2186-BLW<br><br>**CASE MANAGEMENT ORDER NO. 1** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS. | |

The Court conducted a scheduling conference on **December 14, 2010**. In accordance with that conference, and to further the efficient administration of this matter,

NOW THEREFORE IT IS HEREBY ORDERED that the following recitation of deadlines and procedures shall govern this litigation:

1 **GENERAL PROVISIONS**

1.1 **Applicability of Order**. This Order shall govern practice and pretrial procedure in (a) Case No. 4:10-CV-307-BLW, which was originally filed in this Court; (b) those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its order of October 13, 2010, and captioned collectively as *In Re Fresh and Process Potatoes Antitrust Litigation*, 4:10-MD-02186-BLW; (c) any "tag-along" actions transferred to this Court by the Multidistrict Litigation Panel pursuant to Rule 12 of the Rules of Procedure of the Panel; and (d) all related actions that may be filed in this Court

or transferred or removed to this Court (collectively, the "Litigation").

1.2     **Future Actions**.  Any tag-along action later filed in, removed or transferred to this Court, or related cases filed directly in the District of Idaho, automatically shall be assigned to the undersigned and consolidated with this Litigation.

1.3     **Limitations**.  The consolidation of the cases in this Litigation does not constitute a determination that the actions referenced in paragraphs 1.2 and 1.3 of this Order should or will be consolidated for trial; nor does it have the effect of making any entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure.  Notwithstanding the entry of this Case Management Order, and for good cause shown, any party may move for an amendment, adjustment or other curtailment of the consolidation of these actions in order to separate cases, claims, parties, or phases of the proceedings.

1.4     **Pleading Captions**.  The caption of each document filed with the Court shall identify the master case (*In Re Fresh and Process Potatoes Antitrust Litigation*, 4:10-MD-02186-BLW).  It shall also identify each affected individual action.  If a document affects all actions, it shall state that if affects all actions instead of listing each affected individual action.  The caption shall be as follows:

| | |
|---|---|
| IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION | Case No. 4:10-MD-2186-BLW<br><br>**TITLE OF DOCUMENT** |
| THIS DOCUMENT RELATES TO:<br>(*State "Affects All Actions" or list affected actions individually.*) | (*Leave blank if affects all actions. List the affected action case numbers if affects less than all actions.*) |

1.5     **Filing Procedure**.  Pursuant to the Notice to All Counsel filed by the Court Administrator in this Litigation on October 15, 2010, documents relating to all actions should be filed on the master docket sheet and on the docket sheet of each individual action; documents relating to two or more, but not all, individual actions should be filed on the master docket sheet, and on the other docket sheet of each affected individual action; and documents affecting a single individual action should be filed on the docket sheet of that action and on the master docket sheet.

1.6     **Pro Hac Vice Applications**.  Any licensed attorney admitted as a bar member of a transferor district, or who was admitted *pro hac vice* for one of the transferred cases will automatically be admitted *pro hac vice* for this case in the District of Idaho.  Otherwise all attorneys appearing in this matter must be either a licensed member of the Idaho State Bar or admitted *pro hac vice* for this case in the United States District Court for the District of Idaho.

1.7     **Law Clerk**.  If counsel has a procedural or legal question that needs to be

brought to my attention, please contact Jeff Severson, the law clerk assigned to this case at (208) 334-9027.

1.8     **Calendaring Clerk**. With regard to any scheduling matters or calendar issues, please contact my deputy clerk, Jamie Gearhart at (208) 334-9021.

1.9     **Docketing Clerk**. The Docketing Clerk assigned to this case is Carrie McMahan who can be reached at (208) 334-9397.

1.10    **Hearings**. As most local attorneys are aware, Judges in the District of Idaho split their time between divisional courthouses in Boise, Pocatello and Coeur d'Alene, Idaho. Typical cases are assigned to a specific division. Although the original Idaho case in this MDL action was assigned to the Pocatello division, the MDL case is not assigned to a specific division. I spend the bulk of my time in either Boise or Pocatello. In the future, hearings in this MDL action may be conducted in either Boise or Pocatello so that hearings are not delayed due to my unavailability.

2      **INDIRECT PURCHASER PLAINTIFFS' CONSOLIDATED AMENDED COMPLAINT AND RESPONSIVE PLEADINGS**

2.1     The parties shall meet and confer to reach agreement on page limits and other means for making the initial round of dispositive motions as efficient as possible. If the parties cannot reach an agreement during this process, they may contact Jeff Severson, the Law Clerk assigned to this matter, who may be able to informally mediate the matter and help the parties reach a resolution. If Mr. Severson cannot successfully mediate any dispute, he may schedule a time for me to informally address the issue with counsel

telephonically. On or before **January 28, 2011**, the parties shall submit a joint stipulation for page limits and other means for making the initial round of dispositive motions efficient, or their respective positions if they cannot reach agreement. Upon receipt of the parties' submission, the Court will issue a decision on the matter in short order.

    2.2    Indirect Purchaser Plaintiffs shall file their Consolidated Amended Complaint on or before **February 11, 2011**.

    2.3    Defendants shall file their responsive pleadings (Answers or Motions) to the Direct Purchaser Plaintiffs' Amended Complaint and the Indirect Purchaser Plaintiffs' Consolidated Amended Complaint on or before **March 18, 2011**.

    2.4    All Plaintiffs shall file their responses to Defendants' motions on or before **May 6, 2011**.

    2.5    All Defendants shall file their reply briefs on or before **June 3, 2011**.

    2.6    The Court will hear oral argument on the motions on **June 22, 2011 at 1:00 p.m. in the Federal Courthouse in Pocatello, Idaho**.

    3    **PRESERVATION CUTOFF DATE, RULE 26(f) CONFERENCE AND PROTECTIVE ORDER**

    3.1    The preservation cutoff date shall be **December 13, 2010**.

    3.2    The parties shall have completed the process of conducting a Rule 26(f) conference on or before **January 21, 2011**.

    3.3    The parties shall submit a joint proposed preservation order or their respective positions to the Court on or before **January 28, 2011**.

3.4     The parties shall meet and confer and provide the Court with a joint proposed protective order or their respective positions on or before **January 28, 2011**.

4       **SECOND CASE MANAGEMENT CONFERENCE**

4.1     If necessary, the Court will schedule a second case management conference when it issues its decision on the dispositive motions.

DATED:  **December 17, 2010**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge