UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION | Case No. 4:10-MD-02186-BLW<br><br>**PRESERVATION ORDER** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS. | |

In accordance with Paragraph 3.3 of Case Management Order No. 1 and upon consideration of the Parties' submissions with respect to the same, and to further the efficient administration of this matter,

NOW THEREFORE IT IS HEREBY ORDERED that the following shall govern the preservation of documents and electronically stored information:

**I.    SCOPE OF ORDER**

This Order does not address, limit, or determine the relevance, discoverabi1ity or admission into evidence of any Record (as defined below), regardless of whether the Record is required to be preserved pursuant to the terms of this Order.[1]  This Order does not expand any record preservation requirements under the Federal Rules of Civil Procedure ("Rules"), and it does not limit any protection provided by Rule 37(f). The Parties do not waive any objections as to the production, discoverability, or confidentiality of documents and electronically

---

[1] Except as specifically provided in Paragraphs III.C.2. and III.C.6.

stored information ("ESI") preserved under this Order. This Order does not address the Parties' respective responsibilities for the costs of retrieving or producing documents or ESI that may be subject to discovery.

This Order shall apply equally and identically to all parties in all actions in *In Re: Fresh and Process Potatoes Antitrust Litigation* (4:10-MD-2186-BLW).

## II. DEFINITIONS

A. "Parties" shall mean all named Plaintiffs, both Direct and Indirect, in these actions and all named Defendants over which the Court has exercised personal jurisdiction. "Party" shall mean any individually named Plaintiff or named Defendant over which the Court has exercised personal jurisdiction.

B. "Records" shall have the same meaning as "documents" as defined in Federal Rule of Civil Procedure 34(a) that fall within the scope of Federal Rule of Civil Procedure 26(b). Records shall also include "electronically stored information," as contemplated by the Federal Rules of Civil Procedure.

C. "Backup Systems" refers to computer systems used to store electronic information on magnetic tapes or other media to permit recovery of the information in the event of a disaster such as equipment failure.

D. "Backup Media" refers to magnetic tapes or other media onto which Backup Systems store such electronic information.

E. "Preservation" shall mean taking reasonable steps to prevent the destruction, alteration, deletion, shredding, incineration, wiping, or theft of Records.

F. "Cache File" shall mean a copy of data created by a computer system to a temporary location or "cache," which allows frequently used data to be accessed more quickly by the computer.

G. "Cookie File" shall mean a file created by web browsers on the user's hard drive, which is used to identify the user and the user's references when accessing websites.

H. "Snapshot" shall mean a copy of active data files, on active storage media or on a backup media, as of a certain point in time, which preserves the data associated with the files copied as it existed on the original media.

I. "Network Accessible Storage Device" shall mean any hard drive or other data storage device accessible to multiple users remotely over a computer network.

J. "Local Hard Drive" shall mean any hard drive or other device that stores data from a personal computer (whether a desktop or laptop) but that is not part of a network.

### III. RECORDS REQUIRED TO BE PRESERVED

A. Custodians

1. Within thirty (30) days of the entry of this Order, each Party shall provide to all other Parties a list of individual and departmental custodians that are most likely to possess the Party's relevant Records ("Custodians"), including, for the period from January 1, 2004 through the

present, a brief description of each identified individual's title and responsibilities and a brief description of each identified department. With this list, each Party shall also provide additional information sufficiently detailed to enable an opposing Party to evaluate that Party's list of Custodians, including but not limited to a Party's organization chart(s) sufficient to show the company's structure for the above- defined period to the extent any such chart exists. Any other Party may dispute such designations within thirty (30) days of receipt of the above information or request additional information that may be needed to evaluate the sufficiency of a Party's list of custodians. If the Parties are unable to resolve their disputes after good faith negotiations, then any party seeking to add names to the list of Custodians must promptly file a motion with the Court to seek its ruling with respect to the scope of this Order. If no such motion is filed within seventy-five (75) days of the entry of this Order, then the list of Custodians shall be considered complete. Each Party's list of Custodians, as either agreed to by all other Parties or otherwise ordered by the Court, shall be appended to this Order as "[Insert Party Name]'s Attachment 1 to Preservation Order" within fifteen (15) days after the parties agree on the list of Custodians or the Court's order on any objections to the Custodian list.

2. At any time during the case, any Party, upon a showing of good cause, may petition the Court to add names to the list of Custodians, subject to the earlier agreements of Paragraph III.A. The Record(s) in

possession of a Custodian added pursuant to this Paragraph will not be considered retroactively to have been Retained Records, as defined by Paragraph III.C., and will only be considered Retained Records going forward from the date an order is entered adding the Custodian's name to Attachment 1.

        3.      Only the Records in the possession, custody and/or control of the Custodians listed in Attachment 1 are required to be preserved, unless otherwise specifically exempted from preservation by this Order or other Orders of this Court. The Records in the possession, custody and/or control of the Custodians listed in Attachment 1 that are not otherwise exempted from preservation by this Order are referred to as "Retained Records" in this Order. The Parties must take reasonable steps to preserve Records during the process set forth in Paragraph III.A., which obligation may be satisfied by notifying Custodians that the Parties expect to list on Attachment 1 their duties and obligations with respect to preserving Retained Records under the terms of this Order. At its option, during the process set forth in Paragraph III.A., a Party may also comply with its obligation to preserve electronic Records as set forth in Section III.C.4, III.C.7 or III.C.8.

B.    ESI Information

Within thirty (30) days of the entry of this Order, each Party shall provide the following:

1. A list of each relevant electronic communication and/or ESI storage system(s) that has been in place for the producing party at any time from January 1, 2004 to the present and a general description of each system, including the dates of service, nature, scope, character, organization, and formats employed in each system;

2. Other pertinent information about their electronically created and/or stored documents and whether those documents are subject to limited accessibility, that is, those created or used by electronic media no longer in use, maintained in redundant electronic storage media, or for which retrieval involves substantial cost and/or lengthy time periods or substantial dedication of labor;

3. If a responding Party contends that it has or may have any potentially responsive ESI that is inaccessible or only of limited accessibility and, hence, not producible by that Party they shall set forth:

    a. the general nature of such information (e.g., correspondence, financial planning, budget, meeting minutes, etc.);

    b. the reason(s) why the information is considered inaccessible or of only limited accessibility;

    c. information sufficient to identify the type of Backup System used and the amount of Backup Media involved or, if applicable, the identity and version of applicable legacy software or systems, and when such software or systems achieved "legacy" status by the Party;

    d. proposed capture and retrieval protocol necessary for identification and recovery of the information deemed inaccessible.

  If the requesting Party intends to seek discovery of such wholly or partially inaccessible ESI, the Parties shall promptly either (1) reach an agreement as to how they will proceed with retrieval and production, or (2) notify the Court that the Parties have a dispute regarding arguably or allegedly wholly or partially inaccessible electronic data and the Court will determine how to proceed.

    4. A general description, or at the responding Party's option, a copy of a written rendition of the Party's electronic document retention policies;

    5. The name and contact information of the individual who shall serve as the Party's "E-discovery Liaison," whose functions are described in Paragraph V below.

    6. A description of any problems reasonably anticipated to arise in connection with e-discovery.

  C. Retained Records

    1. The Parties shall preserve any Retained Records in their possession, custody or control during the pendency of this action, including any appeals.

    2. For Retained Records required to be preserved under this Order, the Parties shall retain the Records in whatever media the preserving Party chooses, paper or electronic (including optical images of paper or electronic Records). This Order does not obligate Parties to segregate such

Records from other Records or Backup Media where they may reside. This Order does not obligate Parties to image records otherwise stored in paper form, and it does not obligate Parties to retain paper Records if they have been adequately imaged as they were kept in the ordinary course of business (maintaining the integrity and organization of the document). No Party shall object or raise admissibility issues under the Federal Rules of Evidence based on such imaging of paper Records pursuant to this Paragraph.

3. Provided both that a Party is otherwise complying with its obligation to preserve Retained Records required by this Order and that all motions filed pursuant to Paragraph III.A. have been decided (or if no motions are filed, the time for filing such motions has passed), that Party shall not be required to retain Backup Media.

4. Given the number of Parties and the wide range of approaches used by the Parties to manage records (including the management of ESI and the systems used for its recovery in the event of a disaster), it is not practical to attempt to define a single detailed process that all Parties must follow in order to preserve Retained Records. Instead, a Party may use any reasonable method to preserve Retained Records consistent with a Party's record management systems or ordinary practices. The Parties are required to act in good faith and may not transfer ESI to paper form or downgrade ESI for the primary purpose of increasing the burden of discovery for other Parties.

5. For draft or original Retained Records maintained in paper form, the Parties shall retain at least one copy of all unique Records in paper form or in electronic form as permitted by III.C.2. above.

6. For electronic mail Retained Records, the Parties shall retain at least one electronic copy of all such Records, including the text of the message and any attachments, and, to the extent such information was created and maintained by the electronic mail system in the normal course of business, available header information associated with a particular piece of electronic mail identifying the message's I.D., recipient(s), CC, BCC, sender(s), subject or title, the date and time the message was created, sent and received, and the name, count, size, last author, type, creation and last modified date of associated attachments, if any. In addition, the Parties shall preserve information indicating the type of item (e.g., email, calendar item, contact, note, task), with calendar items to include appointment start date and time, attendees, participants and recipients. Email thread identifiers, original path of mail store, and sensitivity fields extracted from email messages other than Outlook items shall also be preserved.

For each Record, the following metadata elements shall also be preserved: edited or modified by, version number, any formulaic metadata associated with spreadsheets, and any comments and/or track changes associated with word processing documents. The obligation to preserve

11

these metadata elements exists only to the extent that it is possible to capture such data for a particular file.

The Parties are not required to preserve any other metadata associated with an electronic mail message, other than those fields identified pursuant to this Paragraph, or as further agreed. The Parties are not required to retain identical multiple instances of an electronic message sent to multiple recipients (e.g., an email that cc'ed five recipients need only be produced once), provided that all of the recipients can be identified from Retained Records. Where a subsequent electronic mail message contains all of the portions and all recipients of an earlier message that are required to be preserved under this paragraph (e.g., forwarded or replied- to messages), it is not necessary for the Party to preserve the earlier message in addition to the subsequent inclusive message (provided that the Producing Party agrees not to object or raise admissibility issues under the Federal Rules of Evidence based on the lack of such preservation of the earlier message).

7.     For Retained Records maintained in electronic form on Network Accessible Storage Devices, and not covered by Paragraph III.C.6. above, the Parties shall retain at least one copy of all such Records and agreed-upon metadata identified in Paragraph III.C.6. Without restricting the freedom to use reasonable alternate methods granted by Paragraph III.C.6. on how to preserve such Records and agreed upon metadata identified in Paragraph III.C.6., the Parties may fulfill their preservation obligations for

electronic Retained Records on Network Accessible Storage Devices by preserving a Snapshot, through use of a system designed and programmed to preserve Records, or by taking reasonable and good faith steps to: (i) notify Custodians who possess and/or control electronic Retained Records saved on Network Accessible Storage Devices of their duties and obligations with respect to preserving Retained Records under the terms of this Order, (ii) preserve the Records of such Custodians (provided, however, that no party shall be required to take a "snapshot" of its active data files as a result of this provision), and (iii) monitor compliance with the preservation requirements of this Order by re- notifying Custodians of their duties and obligations every six months.

        8.      For electronic Retained Records saved to a local hard drive, the Parties shall take reasonable, good faith steps to preserve such Records and agreed upon metadata identified in Paragraph III.C.6. Without restricting the freedom to use reasonable alternate methods granted by Paragraph III.C.2.; the Parties may fulfill their preservation obligations for electronic Retained Records saved on local hard drives by preserving records and agreed upon metadata identified in Paragraph III. C.6., or by taking reasonable and good faith steps to: (i) notify Custodians who possess or control electronic Retained Records saved on local hard drives of their duties and obligations with respect to preserving Retained Records under the terms of this Order; (ii) preserve the Records of such Custodians (provided,

however, that no party shall be required to take a "snapshot" of its active data files as a result of this provision); and (iii) monitor compliance with the preservation requirements of this Order by re-notifying Custodians of their duties and obligations every six months. At its option, a Party may fulfill its obligation to preserve documents saved on a local hard drive by preserving a Snapshot of such Records.

For all Retained Records, the parties' preservation obligation is limited to those steps reasonably necessary to secure evidence for the fair and just resolution of the matter in dispute. Each party's preservation approach must be reasonable and consistent with their record management system. The parties must exercise their own judgment, made upon reasonable inquiry and in good faith, about the data locations that should be subject to preservation efforts. A party may use any reasonable method to preserve its electronically stored information.

**IV.    RECORDS NOT REQUIRED TO BE PRESERVED**

Notwithstanding any other provision of this Order, the Parties have no obligation to preserve the following:

A.    Transitory information not otherwise stored as part of business practices;

B.    Data created by the normal operation of computer systems -- including but not limited to metadata not enumerated within this Order, Cookie Files, Cache Files and temporary system files, and data fragments

contained in slack space or unused portions of a hard drive -- that could only be read using forensic recovery tools;

  C. Briefs, motions, legal or factual memoranda, notes, or other similar materials created by an attorney, law firm, or corporate legal department representing any Party to any case in this proceeding, as well as Records representing, containing or referring to communications exclusively between attorneys and the Parties in anticipation of or regarding this Litigation or any litigation or investigation relating to this Litigation that were created on or after January 1, 2004;

  D. Identical copies of Retained Records, provided at least one copy of a Retained Record is preserved in either paper or electronic form (maintaining the integrity and organization of the record);

  E. Records filtered out by an automatic spam and/or virus filter, so long as the filtering criteria are reasonable (such criteria to be provided to any other Party upon request);

  F. Records not in the possession of the Custodians listed in each Party's Attachment 1 to Preservation Order;

  G. Records created before January 1, 2004; and

  H. Records created after December 13, 2010.

**V.** ***E-DISCOVERY LIAISON***

  Each party shall appoint an E-discovery Liaison. The E-discovery Liaison is expected to promote communication and cooperation between the parties

regardless of whether the E-discovery Liaison is an attorney (in-house or outside counsel), a third-party consultant, or an employee of the party. The E-discovery Liaison for a party must be:

    1.    familiar with the party's electronic systems and capabilities in order to explain these systems and answer relevant questions about the system(s);

    2.    knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues;

    3.    prepared to participate in e-discovery dispute resolutions; and,

    4.    responsible for organizing the party's e-discovery efforts to insure consistency and thoroughness and, generally, to facilitate the e-discovery process.

## VI. PERMISSIBLE MODIFICATIONS AND ALTERATIONS OF RECORDS

Consistent with Paragraph VII.C., Parties shall not be in violation of this Order if Records are altered as a result of any of the following actions undertaken in good faith (and not for any reason based upon this Litigation) and in the ordinary course of business:

    A.    Routine maintenance and operation of a Party's computer systems;

    B.    Upgrading, loading, reprogramming, customizing, or migrating software, even if such actions modify or alter the way data is maintained, stored or viewed, provided the data itself is not altered;

C. Inputting, accessing, updating or modifying data in a database, resulting in the database being modified or altered;

D. Editing, modifying, or taking down an Internet, extranet, or intranet site; and

E. Editing or revising copies of Retained Records, as long as an unedited or unrevised identical version is preserved.

## VII. IMPLEMENTATION AND MODIFICATION OF ORDER

A. The Court recognizes that a Party may need up to sixty (60) days to put in place systems and procedures implementing this Order. In the meantime, Parties will use reasonable efforts to preserve Records.

B. Each party shall communicate the existence and substance of the obligation to preserve documents to those employees responsible for carrying out the Party's obligations hereunder as well as Custodian(s) that a Party expects to list in Attachment 1, and maintain a record of to whom the existence and substance of this information has been communicated. An e-mail or paper memorandum directed to such employees as well as the Custodian(s) expected to be listed on Attachment 1 shall be sufficient to communicate these obligations.

C. Notwithstanding a Defendant's obligation to preserve Retained Records in accordance with this Order, a Defendant shall send written notice to Plaintiffs of its intention to take action pursuant to routine policies and programs or as a result of other circumstances that would be reasonably anticipated to result in Retained Records being destroyed, lost, or otherwise altered. Service of notice

of such intention must be provided to Plaintiffs' Executive Committee ("PEC") Chair. Such notice shall include a detailed description of the Retained Records that would be affected. If, within 30 days after receiving such written notice, Plaintiffs' PEC Chair does not indicate in writing any objection, then Plaintiffs shall be deemed to have waived any objection to such destruction or alteration.

  D. The Parties are directed to confer to resolve questions as to what Records are required to be preserved under this Order. Counsel for the Parties may stipulate and agree in writing that specific Records need or need not be preserved. Any dispute pursuant to this Paragraph shall be resolved by the Court.

  E. In the event that any Party's data management systems are such as to make any term of this Order unreasonably burdensome or impossible for that Party to comply with, counsel for that Party and opposing counsel may negotiate and agree in writing to any reasonable exception to or modification of this Order and a copy of such written agreement shall be provided to the Court promptly. If such negotiation does not lead to an agreed upon modification, the Party may apply to this Court for an exception to or modification of this Order.

DATED: February 2, 2011

_____
B. LYNN WINMILL
Chief U.S. District Court Judge

18