UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION | Case No. 4:10-MD-02186-BLW<br><br>**PROTECTIVE ORDER** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS. | |

To expedite the exchange of documents in this Litigation, to facilitate the prompt resolution of disputes over confidentiality and to protect certain Discovery Material pursuant to the terms below, the Court hereby enters the following Protective Order pursuant to paragraph 3.4 of Case Management Order No. 1 and Fed. R. Civ. P. 26(c), which binds all counsel of record in this action.  This Order shall apply to discovery in all actions set forth in Section 1.1. of Case Management Order No. 1.

1. Definitions

(a) "Party" means a plaintiff or defendant in this Litigation, including the officers, directors and principals acting on behalf of a corporate Party.  "Parties" means any combination of plaintiffs or defendants in this Litigation, including the officers, directors and principals acting on behalf of corporate Parties.

(b) "Discovery Material" is all information, regardless of medium or manner generated, stored or maintained, which may include, but is not limited to,

documents, deposition testimony and transcripts, answers to interrogatories and tangible things produced by a Party or person (whether produced, filed or served pursuant to Fed. R. Civ. P. 34, subpoena or otherwise) or otherwise generated in disclosures or responses to discovery and responses to requests for admission in this Litigation.

(c) "Document" or "documents" are to have the broadest meaning under the Federal Rules of Civil Procedure and applicable local rules.

(d) "Confidential" is Discovery Material that the designating Party believes in good faith contains confidential research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G), or personal information not generally disclosed to the public by that Party or person. This designation must be made by or under the supervision of an attorney.

(e) "Highly Confidential" Discovery Material is information the designating Party believes in good faith contains competitive or highly sensitive information such as, *inter alia*, (i) an individual's family, financial, medical or personnel records; (ii) current or prospective business plans, market analysis or internal strategy or proprietary planning processes; (iii) information regarding actual historical or projected sales volumes, actual or proposed customer contracts, pricing or similar competitively sensitive materials; (iv) material or information constituting a trade secret, within the meaning of Fed. R. Civ. P. 26(c)(1)(G), in the possession of a Party or person, including trade secrets of others; or (v) material or information in possession of a Party or person where said Party or person has an independent written obligation of confidentiality to a

third party or person. This designation must be made by or under the supervision of an attorney.

    2.    Designating Discovery Material

    (a)    An attorney or someone acting under the supervision of an attorney for any Party may designate Discovery Material as Confidential or Highly Confidential, and that material must be treated in accordance with the provisions of this Order, provided that the materials are prepared in a manner that they are marked prominently "Confidential" or "Highly Confidential" on each page of the document. If written discovery responses are entitled to protection under this Order, the portions of those answers or responses that contain Confidential or Highly Confidential information must be marked as Confidential or Highly Confidential.

    (b)    To the extent a Party wishes or is required to file Confidential or Highly Confidential Discovery Material with the Court, either in its original form, or as part of, or incorporated in another document, such as a complaint, the Party must electronically file a redacted copy omitting the Confidential or Highly Confidential information and must also serve an unredacted copy of the same on all counsel of record in all of the actions. The filing Party must otherwise comply with Dist. Idaho Loc. Civ. R. 5.3.

    3.    Designating Depositions

    (a)    Parties and deponents may, within 30 days after receiving a transcript of a deposition, designate pages of the transcript (and its exhibits) as

Confidential or Highly Confidential to the extent the Party or deponent believes the pages contain material or information entitled to protection.  These designations must be made in a letter from counsel indicating the page and line numbers of the deposition transcript that the Party or deponent designates as Confidential or Highly Confidential and is to be sent to counsel for the Party taking the deposition and to the court reporter.  Until the expiration of the 30-day period when designations may be made, the entire deposition will be treated as Highly Confidential.  If a deposition is videotaped or otherwise recorded, those portions of the videotape or recording corresponding to the portions of the transcript that were designated as Confidential or Highly Confidential are afforded the same status.

      4.    Use of Confidential and Highly Confidential Discovery Material

          (a)    Unless otherwise ordered by a court, administrative agency or similar governmental or regulatory body of competent jurisdiction, Discovery Material designated as Confidential or Highly Confidential may be used only in connection with the prosecution or defense of claims, or in connection with the settlement of, this Litigation.

          (b)    Confidential Discovery Material may be disclosed only:

              (i)    to Parties;

              (ii)    to Parties' internal counsel, and their legal, investigative, technical, administrative and other support staff, engaged in the conduct of this Litigation;

        (iii)    to Parties' external counsel and other plaintiffs' counsel who have entered an appearance in this Litigation, and their respective legal, investigative, technical, administrative and other support staff engaged in the conduct of this Litigation on behalf of named Parties;

        (iv)    to this Court or any other court exercising jurisdiction with respect to this Litigation, any appellate court(s), court personnel, jurors, alternate jurors and qualified persons (including necessary clerical personnel) who take, transcribe or otherwise record testimony or argument at any deposition, hearing, trial or appeal in this Litigation;

        (v)    to any person designated by the Court upon whatever terms the Court deems proper;

        (vi)    to any magistrate, special master, mediator or arbitrator engaged by the Parties or authorized by the Court;

        (vii)    to agents, employees or other representatives of the Parties or their counsel in connection with this Litigation;

        (viii)    to outside consultants, investigators or experts utilized for the purpose of assisting counsel or testifying in this Litigation provided they sign an undertaking in a form substantially keeping with the substance of Exhibit A to this Order;

        (ix)    to third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing or retrieving data or designing programs for handling data connected with this Litigation, including the performance of

its duties in relation to a computerized litigation support system, but only to the extent reasonably necessary to render its services, and provided that counsel expressly cautions contractors that the disclosure and use of Confidential Discovery Material, except as provided in this Order, is prohibited and must take reasonable precautions to prevent the unauthorized disclosure or use of Confidential Discovery Material by contractors;

          (x)    to: (a) the person or entity that produced or originally created the Discovery Material; (b) any author, addressee or recipient of the material indicated on its face; or (c) any person or entity expressly mentioned, discussed or referred to by actual name in the material as indicated on its face, provided that person or entity execute, in advance, a written undertaking in a form substantially keeping with the substance of Exhibit A to this Order, acknowledging the obligation to be bound by this Order and agreeing to refrain from dissemination or discussion of the Confidential information outside the formal confines of this Litigation;

          (xi)    to a witness in this Litigation not otherwise authorized to view the Confidential information in question, during that witness's testimony at a deposition, hearing or trial in this Litigation, provided that: (a) the examiner of the witness has a good-faith belief that the witness is likely to have knowledge of the contents of the Confidential Discovery Material; (b) the witness executes, in advance, a written undertaking in a form substantially keeping with the substance of Exhibit A to this Order, acknowledging the obligation to be bound by this Order and agreeing to refrain from dissemination or discussion of the Confidential information outside the

formal confines of this Litigation; and (c) the witness is not permitted to retain copies of the Confidential Discovery Material;

   (xii) to any other person agreed to in writing by the designating Party, which agreement must not be unreasonably withheld.

 (c) Highly Confidential Discovery Material may be disclosed only to those persons who fall within subparagraphs (iii), (iv), (v), (vi), (viii), (ix), (x), (xi) and (xii) of paragraph 4(b) above.

 (d) Any written undertaking executed in this Litigation is deemed work product. In the event that any Party or person listed in paragraph 4(b) or paragraph 4(c) refuses to sign an undertaking, counsel seeking to disclose the Confidential or Highly Confidential Discovery Material may seek permission from the designating Party, or from the Court, to disclose the Discovery Material upon good cause shown for the disclosure.

5. Challenging Designations of Confidential or Highly Confidential Discovery Material

 (a) Any Party challenging a designation of Discovery Material as Confidential or Highly Confidential may, in the manner outlined by the Federal Rules of Civil Procedure and the Local Rules, make a motion or other appropriate application to the Court to strike the designation at any time until trial starts. The challenging Party must provide written notice to the designating Party, identifying the Confidential or Highly Confidential Discovery Material whose designation it challenges, setting forth the

- 7 -

basis for the challenge.  Within 14 days of the receipt of the written notice of challenge, the designating Party must meet and confer with the challenging Party and these Parties must make a good-faith effort to resolve any dispute concerning the designation by agreement or stipulation.  Failing agreement or stipulation, the challenging Party's motion or application regarding the Discovery Material must identify with specificity the Confidential or Highly Confidential Discovery Material that is the subject of the motion, but must not disclose or reveal the contents of that material except in the manner dictated in paragraph 2 above.  If a motion is made, all Discovery Material maintains the prior confidentiality designation pending a determination by the Court of its appropriate status.

      (b)     The designating Party retains the burden of establishing its designation of Confidential or Highly Confidential.  Nothing in this paragraph limits the right of any Party to request that the Court review the Discovery Material *in camera*.

      (c)     By this Order, no Party is deemed to have waived its right to assert that any Discovery Material should or should not be accorded Confidential or Highly Confidential treatment.

      (d)     A Party may challenge, pursuant to this paragraph, any Confidential or Highly Confidential designation of Discovery Material that:  (i) is, are or has become public knowledge not in violation of this Order; or (ii) was discovered independently without the use of Confidential or Highly Confidential Discovery Material.  The designating Party may oppose any such challenge.

     6.     Inadvertent Failure to Designate

(a) Except as provided in this paragraph, following a Party's production of Discovery Material, the inadvertent failure to designate particular Discovery Material as Confidential or Highly Confidential at the time of production does not operate to waive a Party's right to later designate that Discovery Material as Confidential or Highly Confidential, provided that, at the time of making the later designation, the designating Party provides to the receiving Party a replacement copy of the Discovery Material which is properly marked Confidential or Highly Confidential.  No Party is deemed to violate this Order if, prior to notification of any later designation, Discovery Material has been disclosed or used in a manner inconsistent with the later designation.  Once a designation is made, the materials must be treated consistent with their later designation, unless that Discovery Material was already filed with the Court in the public record.  If Discovery Material is already a part of the public record, it is the responsibility of the Party who failed to designate the materials to move the Court for appropriate relief.  If an inadvertently-omitted Confidential or Highly Confidential designation is first claimed during the course of a deposition, hearing or other court proceeding, that Discovery Material may be used throughout the deposition, hearing or proceeding as though no designation was made, but must be treated as though that designation was made immediately afterwards.

7. Claims of Privilege and Work Product Protection

(a) If, in connection with the Litigation, information subject to a claim of attorney-client privilege or attorney work product protection is disclosed ("Disclosed

Protected Information"), the disclosure of the Disclosed Protected Information is not a waiver or forfeiture of any claim of privilege or work product protection that a Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter.

    (i) A Party may assert, in writing, the attorney-client privilege or work product protection with respect to Disclosed Protected Information (a "Notice of Recall").  The receiving Party shall, within 5 business days of receipt of the Notice of Recall, return, sequester or destroy all copies of the Disclosed Protected Information and upon request, provide a certification of counsel that all such Disclosed Protected Information has been returned, sequestered, or destroyed.

    (ii) Within 5 business days of the notification that such Disclosed Protected Information has been returned, sequestered, or destroyed, the Party claiming privilege shall produce a privilege log with respect to the Disclosed Protected Information setting forth all the information required under Fed. R. Civ. P. 26(b)(5)(A)(ii).  If recall involves redaction of the Disclosed Protected Information, the redacted version of the Discovery Material must be provided simultaneously with the privilege log.

    (iii) Within 10 business days of receipt of the privilege log, the receiving Party may request a meet and confer to discuss the appropriateness of the privilege or work product claim.

(iv)    If the receiving Party requests a meet and confer to discuss the assertion of privilege or work product protection, the Parties must meet within 5 business days after the receiving Party's request for a meet and confer.

(v)     If, after compliance with the steps set forth in subparagraphs (i) through (iv) of paragraph 7, the receiving Party concludes that it disputes the validity of the claim of privilege or work product protection, it must notify the producing Party in writing and then move the Court for an order compelling production of the Disclosed Protected Information (a "Privilege Motion") within 10 business days.  Unless otherwise agreed by the Parties or ordered by the Court, all Privilege Motions must be made on notice, with briefing schedule and page limits agreed by the Parties or set by the Court.  If the receiving Party does not file a motion within the 10-day period after notification, the receiving Party, upon request must certify destruction of the recalled Disclosed Protected Information no later than 5 business days after the expiration of the 10-day period.

(vi)    Unless the receiving Party's motion to compel is successful or the privilege or work product claim is withdrawn, there may be no use of recalled Disclosed Protected Information for any purpose.

(vii)   If the recall of Disclosed Protected Information is made during the taking of a deposition or shortly before a deposition, the examining counsel and defending counsel must meet and confer in good faith at the earliest possible opportunity to determine appropriate steps under the circumstances.  If the Parties agree or the Court determines the Disclosed Protected Information to not be subject to a valid

claim of privilege or work product protection, Parties may submit to the Court the dispute in order to determine any appropriate remedy, including whether and to what extent a reopening of the deposition may be necessary.

        (viii)   Nothing in this Order limits the right of any Party to petition the Court for an *in camera* review of the Disclosed Protected Information.

8.   Confidential or Highly Confidential Discovery Material at Hearings and Trial

Parties must meet and confer regarding disputes arising as to the use of Confidential or Highly Confidential Discovery Material at a hearing or trial.  If Parties cannot agree on the use of such Discovery Material, the dispute must be resolved by the Court prior to the disclosure of the Discovery Material.  In addition, no fewer than 60 days before trial in this Litigation, the Parties must meet and confer to negotiate a proposal for Court-approval addressing the treatment of material previously designated Confidential or Highly Confidential at trial.  To the extent the Parties fail to agree on a proposal addressing the use of Confidential and Highly Confidential Discovery Material at trial, they may submit alternative proposals to the Court for resolution.

9.   Further Requests for Production

If, at any time, any Confidential or Highly Confidential Discovery Material in the possession, custody or control of any person or Party other than the designating Party, is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, the person or Party to whom the subpoena or request is directed must

provide prompt written notice to the original designating Party. The person or Party to whom the subpoena or request is directed shall not take any position with the Court concerning the propriety of such request or subpoena or the discoverability of the information sought that is adverse to the designating Party should the designating Party oppose the request for production of such documents or materials. Other than the obligation to comply with these requirements, this Order is not intended to affect a Party's obligation to respond to such a subpoena or request.

10. Termination

The provisions of this Order bind the Parties after the final termination of the Litigation. Within 120 days after final conclusion of this Litigation, including appeals, any Party and all persons who received (or tendered to any other person) Discovery Material designated as Confidential or Highly Confidential must, at the option of the producing Party: (i) return that Discovery Material to the producing Party; or (ii) certify in writing to counsel of the producing Party that the receiving Party or persons has destroyed that Discovery Material. If applicable, the costs of returning the Discovery Material will be borne by the producing Party. The costs of destruction of the Discovery Material will be borne by the receiving Party. Notwithstanding these provisions, counsel may retain copies of court filings, papers served in connection with this Litigation, transcripts (including deposition transcripts), exhibits and work product containing or reflecting Confidential or Highly Confidential Discovery Material.

11. Modification Permitted

Nothing in this Order precludes the right of the Parties to stipulate (subject to Court approval) or move to amend or modify this Order.  The Court retains the right to modify this Order or allow disclosure of any subject covered by this Order.

12.   Additional Parties

The terms of this Order are binding on all current and future Parties to this Litigation and their counsel.  Following entry of this Order, within 10 days of:  (i) the entry of an appearance by a new plaintiff or absent class member that elects to appear or intervene in this Litigation; or (ii) the transfer of a complaint that arises out of the same operative facts alleged in the operative complaints, Interim Lead Counsel for plaintiffs must serve a copy of this Order on counsel for the new plaintiff or absent class member.

13.   Application to Non-Parties and Absent Class Members

(a)   Any non-Party or absent class member producing Discovery Material in this Litigation may avail himself, herself, or itself of the Confidential and Highly Confidential treatment provided for in this Order.  All counsel in this Litigation have the obligation to inform any non-Party or absent class member who expresses concern or makes inquiry that pertains to issues addressed by this Order of the Order and, if requested, to provide a copy of this Order to the non-Party or absent class member. This Order is binding on non-Parties and absent class members unless they object to counsel for a Party or to the Court to its terms within 10 days of receipt of this Order.

(b)   Confidential or Highly Confidential Discovery Material may not be disclosed to absent class members who have not intervened or otherwise appeared in this

Litigation, except under the circumstances described in paragraph 4 in this Order. If, however, Confidential or Highly Confidential Discovery Material is contained in a filing with the Court pursuant to paragraph 2 of this Order, such filing may be disclosed to counsel for the absent class member (or the absent class member if not represented), provided that such counsel, if any, and the absent class member execute an undertaking in a form substantially keeping with the substance of Exhibit A to this Order.



DATED: February 2, 2011

_____
B. LYNN WINMILL
Chief U.S. District Court Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION | Case No. 4:10-MD-02186-BLW |
| THIS DOCUMENT RELATES TO: ALL ACTIONS. | **ACKNOWLEDGEMENT AND CONSENT** |

I hereby certify that: (i) I have read the Protective Order governing Confidential and Highly Confidential Discovery Material (the "Protective Order") that has been entered by the Court in the above-entitled litigation, and I understand its terms; (ii) I understand that Discovery Material designated as Confidential or Highly Confidential under the Protective Order is being provided to me pursuant to the terms of the Protective Order; (iii) I agree to be fully bound by the provisions of the Protective Order, including its provisions restricting disclosure of material designated as Confidential or Highly Confidential and limiting the use of such material to the conduct of the above-entitled litigation; (iv) I hereby submit to the jurisdiction of the United States District Court for the District of Idaho for purposes of enforcement of the Protective Order.

DATED: _____    _____
Signature

_____
Printed Name