Winston V. Beard, ISB No. 1138
Michael D. Gaffney, ISB No. 3558
John M. Avondet, ISB No. 7438
BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, ID 83404-7495
Telephone: (208) 523-5171
Fax: (208) 529-9732
Email: winston@beardstclair.com
        gaffney@beardstclair.com
        javondet@beardstclair.com

Attorneys for Defendant, Pleasant Valley Potato, Inc.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In Re: Fresh and Process Potatoes Antitrust Litigation<br><br>*This document applies to:*<br>*All Actions* | Case No.: MDL No. 4:10-md-02186-BLW<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT PLEASANT VALLEY POTATO, INC.'S MOTION TO DISMISS (Fed. R. Civ. P. 12(b)(6)) |

The defendant, Pleasant Valley Potato, Inc., (Pleasant Valley), through counsel of record, Beard St. Clair Gaffney PA, respectfully submits this Memorandum in Support of its Motion to Dismiss the First Amended Complaints of both the direct and indirect purchaser plaintiffs (collectively plaintiffs) pursuant to Federal Rule of Civil Procedure 12(b)(6).

## INTRODUCTION

Pleasant Valley's motion presents a simple issue to the Court. That issue, succinctly stated, is whether the allegations of the First Amended Class Action

Memorandum in Support of Defendant Pleasant Valley Potato, Inc.'s Motion to Dismiss

Complaints (First Amended Complaints) by the direct purchasers (Docket No. 39) and the indirect purchasers (Docket No. 63) state an antitrust claim for relief against Pleasant Valley.[1]  The references in the First Amended Complaints to Pleasant Valley's name are sparse.  References to specific conduct by Pleasant Valley are even more rare. Ultimately, the allegations in the First Amended Complaints, when applied individually to Pleasant Valley, fail to state a plausible claim for relief.  As such, the First Amended Complaints should be dismissed as to Pleasant Valley.

## LEGAL STANDARD

This Court is well versed in the legal standard applicable to Rule 12(b)(6) therefore Pleasant Valley limits its discussion of the legal standard as it specifically applies in this case in the "Argument" section, *infra*.

## ARGUMENT

The First Amended Complaints do not contain sufficient allegations of evidentiary facts to state a claim for relief against Pleasant Valley.  The plaintiffs merely lump Pleasant Valley with the myriad other defendants in a vast alleged industry-wide antitrust conspiracy.  However, the First Amended Complaints never explain how, when, why, by whom, or what Pleasant Valley actually did to participate in the alleged conspiracy outlined by the plaintiffs in the respective First Amended Complaints.  The absence of specific evidentiary facts is fatal to the plaintiffs' causes of action as to Pleasant Valley.

The Ninth Circuit has explained what type of evidentiary allegations must be contained in an antitrust complaint before a court should even consider what are characterized as allegations of "ultimate" facts.  *Kendall v. Visa U.S.A., Inc.*, 518 F.3d

---

[1] The docket numbers refer to documents filed in 4:10-md-02186-BLW.

Memorandum in Support of Defendant Pleasant Valley Potato, Inc.'s Motion to Dismiss
Page **2**

1042, 1047-48 (9th Cir. 2008). These ultimate facts, or conclusory allegations couched as factual assertions, are simply not binding on courts as to their truthfulness, even when being considered in conjunction with a Rule 12 motion. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Southern District of New York describes this distinction from typical Rule 12 restrictions in an antitrust case in that "[a]verments of agreements made at some unidentified place and time are 'insufficient to establish a plausible inference of [an antitrust] agreement, and therefore to state a claim.'" *Hinds County, Miss. v. Wachovia Bank N.A.*, 620 F.Supp.2d 499, 513 (S.D.N.Y. 2009) (citing *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007)). The *Hinds County, Mississippi* court continued:

> A complaint that enumerates "basically every type of conspiratorial activity that one could imagine" and that lists "in entirely general terms without any specification of any particular activities by any particular defendant" is "nothing more than a list of theoretical possibilities which one could postulate without knowing any facts whatsoever.

*Id.* This analysis is consistent with the Ninth Circuit's interpretation of the specific pleading requirements in antitrust cases. In *Kendall*, the Ninth Circuit found that a plaintiff must allege "facts such as a 'specific time, place, or person involved in the alleged conspiracies' to give a defendant seeking to respond to allegations of a conspiracy an idea of where to begin." *Kendall*, 518 F.3d at 1047 (citing *Bell Atl. Corp.*, 550 U.S. at 565 n.10). The reason for the specificity requirement is obvious because, as noted in *Kendall*, a "bare allegation of a conspiracy is almost impossible to defend against . . . ." *Id.* at 1047. Hence, the Ninth Circuit requires a specific who, where, what, when and why for a claim against individual defendants in an antitrust case.

The following table illustrates the limited and insufficient extent to which the plaintiffs have made specific references to or allegations against Pleasant Valley. Of the voluminous allegations found in the First Amended Complaints (comprised of over 600 paragraphs), the First Amended Complaints contain only six paragraphs, respectively, that expressly mention Pleasant Valley:

| Cite[2] | Allegation | Analysis |
|---|---|---|
| ¶ 109, 120 | Defendant Pleasant Valley Potato, Inc. . . . is a corporation organized, existing, and doing business under the laws of Idaho and is located in Aberdeen, Idaho. During the Class Period, Pleasant Valley Potato participated in the supply-restriction and price-fixing scheme as alleged herein. | Conclusory. Does not state how, when, or through whom Pleasant Valley "participated" in the supply-restriction and price-fixing scheme. Does not state which aspect of the scheme Pleasant Valley allegedly participated in. Does not state what Pleasant Valley did. |
| ¶ 110, 121 | Pleasant Valley Potato is an integrated potato producer that grows, packs, stores, and ships its own potatoes. | Conclusory. Does not state how Pleasant Valley is integrated, how many acres it allegedly grows, how many hundredweight of potatoes it allegedly packs, stores, and ships. |
| ¶ 111, 122 | Pleasant Valley Potato is a founding member of UPGI. | Extremely vague and merely alleges membership status. Membership status alone is not enough to state an antitrust claim.[3] |
| ¶ 170, 208 | The individuals at the initial UPGI meeting who explicitly signed on to the supply reduction and price-fixing scheme alleged herein included: . . . . Other Idaho-based growers at this meeting who | Kim Wahlen is not a named Defendant and his mere presence at a meeting does not state a claim nor does it establish that Wahlen acted on behalf of Pleasant Valley at the time of the meeting. No allegation made against Pleasant Valley. Also, unclear distinction between |

---

[2] The first citation paragraph corresponds to the First Amended Class Action Complaint (direct purchasers), filed December 13, 2010, (Docket No. 39). The second citation paragraph corresponds to the First Amended Class Action Complaint (indirect purchasers), filed on February 11, 2011, (Docket No. 63). The actual language in the table comes from the direct purchasers' complaint. There are some minor, non-material differences between the allegations in the two complaints.

[3] Additionally, if this case progresses against Pleasant Valley, the evidence will show that this allegation by the plaintiffs is actually incorrect. Pleasant Valley is not, nor ever has been, a member of UPGI.

|  | became founders of UPGI and signed on to the price-fixing and capacity reduction scheme, some of whom are named as Defendants herein, include . . . Kim Wahlen (of Defendant Pleasant Valley Potato) . . . . | "explicitly" signing on and merely signing on. Conclusory. Does not state what Pleasant Valley did. |
|---|---|---|
| ¶ 246, 268 | All Defendants involved in potato growing and selling operations herein . . . Pleasant Valley Potato . . . were direct participants in the supply reduction scheme outlined herein and followed acreage reductions, participated in the bid-buy-down program, participated in and utilized information obtained from marketing calls and packing reports, and/or reduced the domestic supply of potatoes for the express purposes of fixing, raising, maintaining and/or stabilizing prices. | Conclusory. Does not state what Pleasant Valley did or how Pleasant Valley did what it is accused of doing. Lumps Pleasant Valley in with all other Defendants. |
| ¶ 269, 286 | Other Idaho grower-shippers involved in the conspiracy alleged herein . . . include . . . Pleasant Valley Potato . . . . | Conclusory. Does not state what Pleasant Valley did or how Pleasant Valley did it. *See Hinds County, Miss.*, 620 F.Supp.2d at 513 (sprinkl[ing] the words "conspired," "concerted," and "concertedly" through the complaint . . . is insufficient to state a § 1 claim.) |

As illustrated in the table, there are insufficient fact-based allegations against Pleasant Valley. There is no designation of time, place, or persons acting for Pleasant Valley, except for the single reference to Kim Wahlen, one of Pleasant Valley's shareholders.[4] The reference alone, within the context of the First Amended Complaints, does not create liability for Pleasant Valley.

---

[4] Even the passing reference to Wahlen is not enough to impute liability to Pleasant Valley. Wahlen is not a named defendant. He is also not a controlling shareholder of Pleasant Valley and the plaintiffs have not alleged that Pleasant Valley is merely an alter ego for Wahlen. Absent any specific allegations regarding

The Articles of Incorporation for United Potato Growers of Idaho, Inc. (UPGI) only lists Wahlen as an incorporator and not as a member of the board of directors.[5]  The UPGI Articles of Incorporation never mention Pleasant Valley as a founding incorporator, member, or member of the Board of Directors.  The Articles of Incorporation do not establish a connection between Pleasant Valley and UPGI.

Not even paragraph 246 of the direct purchasers' First Amended Complaint, which alleges that Pleasant Valley followed acreage reductions, participated in the bid-buy down program, etc., affords the necessary specificity for Pleasant Valley to adequately respond to the allegations and such specificity is required.  The paragraph fails to discuss Pleasant Valley's alleged involvement with any degree of specificity.

The First Amended Complaints never identify *how* Pleasant Valley participated in the acreage reductions by alleging dates, ratios, or knowing acquiescence to the acreage reduction programs.  There are no allegations about Pleasant Valley's specific participation in the bid-buy down program.  The allegations of the First Amended Complaints constitute only "theoretical possibilities" that "one could postulate without knowing any facts whatsoever." *Hinds County, Miss.*, 620 F.Supp.2d at 513.  Such allegations are inadequate for pleading an antitrust case.

---

Wahlen and Pleasant Valley, there is not enough in the First Amended Complaints to satisfy the pleading standards under Rule 12.

[5] The Court may consider matters subject to judicial notice under Rule 12(b)(6). *Cullum v. Teton County*, 2011 U.S. Dist. LEXIS 23316, *8 (D. Idaho March 7, 2011).  Matters appropriate for judicial notice include "records of state agencies and other undisputed matters of public record." *Id.*  Consideration of those items will not transform a Rule 12(b)(6) motion into a motion for summary judgment. *Id.*  "The Court may also examine documents referred to in the complaint, although not attached thereto, without transforming the motion to dismiss into a motion for summary judgment." *Id.*  The articles of incorporation for UPGI are located on the Idaho Secretary of State's website: http://www.sos.idaho.gov/tiffpilot/tiffpilot.exe?FN=\\sosimg\corp$/%5C11032004%5CCORPARTI043081 54934.tif

The First Amended Complaints also attempt to rely on an (untrue) allegation that because Pleasant Valley was allegedly a member of UPGI, that Pleasant Valley is liable *by association* for the antitrust claims. *See* footnote 2, *supra.* However, the Court should analyze Pleasant Valley's alleged membership liability separate from the other defendants because membership in an association, i.e., a cooperative, alone does not give rise to an antitrust claim. *See Kline v. Coldwell, Banker & Co.*, 508 F.2d 226, 232-33 (9th Cir. 1974). The *Kline* court expressly cautioned against finding individual liability through allegations of general, associative conduct. In applying the central holding of *Kline* to the standards of pleading, the *Kendall* court required pleading of "evidentiary" facts to make a case for antitrust liability against an association's member. *Kendall*, 518 F.3d at 1048. Indeed, the *Kendall* court went even further and held that even participation on a board of directors is insufficient to give rise to a claim. *Id.* The First Amended Complaints lack any evidentiary allegations establishing Pleasant Valley's knowing, intentional or active participation in the alleged conspiracy. Such allegations are required to state a claim for relief against Pleasant Valley. *See id.*

## CONCLUSION

Based on the foregoing, Pleasant Valley's motion to dismiss should be granted.

DATED: March 18, 2011

_____
Winston V. Beard
Michael D. Gaffney
John M. Avondet
Of Beard St. Clair Gaffney PA
Attorneys for Defendant, Pleasant Valley Potato, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 18, 2011, a true and correct copy of the foregoing was caused to be filed with CM/ECF with service by electronic mail to the following:

Albert P. Barker
abp@idahowaters.com

Allen Steyer
asteyer@steyerlaw.com

Andrew G. Deiss
adeiss@joneswaldo.com

Arthur N. Bailey, Jr.
abailey@hausfeldllp.com

Bart M. Davis
bmdavis@bmdlaw.net

Benjamin Andrew Schwartzman
bschwartzman@bwslawgroup.com

Billie J. Siddoway
bsiddoway@joneswaldo.com

Bonny E. Sweeney
bonnys@rgrdlaw.com

Brad P. Miller
bmiller@hawleytroxell.com

Bruce S. Bistline
bbistline@gordonlawoffices.com

Carmen A. Medici
cmedici@rgrdlaw.com

Chad V. Bonanni
chad@essex.bpflegal.com

Christopher E. Ondeck
condeck@crowell.com

Daniel G. Swanson
dswanson@gibsondunn.com

Michael D. Gaffney
gaffney@beardstclair.com

Daniel M. Cohen
danielc@cuneolaw.com

David J. Syrios
dsyrios@ademilaw.com

Donald Amamgbo
Donald@amamgbolaw.com

Donald M. Barnes
dbarnes@porterwright.com

Douglas A. Millen
dmillen@fklmlaw.com

Elizabeth McKenna
emckenna@milberg.com

Eric P. Enson
epenson@jonesday.com

Eugene A. Spector
espector@srkw-law.com

Gregort L. Crockett
gregcrockett@hopkinsroden.ocm

Hollis Salzman
hsalzman@labaton.com

James A. Wilson
jawilson@vorys.com

James Pizzirusso
jpizzirusso@hausfeldllp.com

James S. Lowrie
jlowrie@jonewaldo.com

Jay L. Himes
jhimes@labaton.com

Richard C. Boardman
rboardman@perkinscoie.com

Jay S. Cohen
jcohen@srkw-law.com

Jeffrey Alan LeVee
jlevee@jonesday.com

Jeffrey L. Spector
jspector@srkw-law.com

John M. Avondet
javondet@beardstclair.com

Jon T. King
jking@hausfeldllp.com

Joseph Michael Barton
jbarton@glancylaw.com

Julio Joaquin Ramos
ramosfortrustee@yahoo.com

Kimberly A. Kralowec
kkralowec@kraloweclaw.com

Lionel Z. Glancy
lglancy@glancylaw.com

Loren Block
lblock@milberg.com

Mark A Griffin
mgriffin@kellerrohrback.com

Matthew McBurney
mmcburney@crowell.com

Michael M. Goldberg
mmgoldberg@glancylaw.com

Michael Hausfeld
mhausfeld@hausfeldllp.com

Steven B. Andersen
sandersen@hollandhart.com

Michael Kowsari
mkowsari@girardikeese.com

Michael P. Lehmann
mlahmann@hausfeldllp.com

Mindee J. Reuben
reuben@wka-law.com

Monte N. Stewart
stewart@belnaplaw.com

Neil D. McFeeley
nmcfeeley@eberle.com

Paul Novak
pnovak@milberg.com

Peter Safirstein
psafirstein@milberg.com

Philip Howard Gordon
pgordon@gordonlawoffices.com

Reginald Von Terrell
Reggie2@aol.com

Robert Rosenfeld
rrosenfeld@orrick.com

Ronald J. Aranoff
aranoff@bernlieb.com

Salvatore A. Romano
sromano@porterwright.com

Samuel G. Liversidge
sliversidge@gibsondunn.com

Sharron Williams Gelobter
sgelobter@yurumeinlaw.com

Stephen Bomse
sbomse@orrick.com

Stephen R. Thomas
srt@moffatt.com

Steven A. Asher
asher@wka-law.com

Steven A. Kanner
skanner@fklmlaw.com

Susan G. Kupfer
skupfer@glancylaw.com

Wade L. Woodard
wwoodard@bwslawgroup.com

William Greene
William.greene@leonard.com

William V. Reiss
wreiss@labaton.com

    In addition, a true and correct copy of the foregoing was caused to be sent by electronic mail to the following attorneys not registered to receive electronic notice via CM/ECF:

Phillip A. Proger
paproger@jonesday.com

_____
Winston V. Beard
Michael D. Gaffney
John M. Avondet
Of Beard St. Clair Gaffney PA
Attorneys for Defendant, Pleasant Valley Potato, Inc.