Stephen R. Thomas (ISB # 2326)
**MOFFATT THOMAS BARRETT
ROCK & FIELDS**
101 S. Capitol Blvd., 10th Floor
P.O. Box 829
Boise, ID 83701
Tel: 208-345-2000
Fax: 208-385-5384
srt@moffatt.com

Daniel G. Swanson
Samuel G. Liversidge
Melissa Phan
**GIBSON, DUNN & CRUTCHER LLP**
333 S. Grand Ave.
Los Angeles, CA 90071
Tel: 213-229-7430
Fax: 213-229-6430
dswanson@gibsondunn.com
sliversidge@gibsondunn.com
mphan@gibsondunn.com

*Counsel for Defendants Dole Fresh Vegetables, Inc. and Dole Food Company, Inc.*

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:  FRESH AND PROCESS POTATOES ANTITRUST LITIGATION | Case No. 4:10-md-02186-BLW<br><br>**MEMORANDUM IN SUPPORT OF DOLE FOOD COMPANY, INC. AND DOLE FRESH VEGETABLES, INC.'S JOINT MOTION TO DISMISS DIRECT PURCHASERS' FIRST AMENDED CLASS ACTION COMPLAINT AND INDIRECT PURCHASERS' FIRST AMENDED CLASS ACTION COMPLAINT** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**TABLE OF CONTENTS**

Page

I.      INTRODUCTION ............................................................................................ 1

II.     LEGAL STANDARD ...................................................................................... 3

III.    ARGUMENT .................................................................................................. 4

        A.      Plaintiffs Have Failed To Plead Conspiracy By DFV Or Dole
                Food. .......................................................................................................4

        B.      Plaintiffs' Agency Theory Of Vicarious Liability Is Wholly
                Deficient....................................................................................................7

        C.      Indirect Purchasers' Wholly Derivative State Law Claims Are
                Equally Deficient. ...................................................................................13

IV.     CONCLUSION...............................................................................................14

# TABLE OF AUTHORITIES

Page(s)

## Cases

*AD/SAT v. Assoc. Press,*
  181 F.3d 216 (2d Cir. 1999).................................................................. 4

*Am. Soc'y of Mech. Eng'rs, Inc. v. Hydrolevel Corp.,*
  456 U.S. 556 (1982)............................................................... 2, 8, 11, 12

*Ashcroft v. Iqbal,*
  129 S. Ct. 1937 (2009)............................................................... 3, 4, 12

*Bell Atlantic Corp. v. Twombly,*
  550 U.S. 544 (2007).................................................................. 3, 4, 6, 7

*Brennan v. Concord EFS, Inc.,*
  369 F. Supp. 2d 1127 (N.D. Cal. 2005) ....................................... 13

*Dell, Inc. v. This Old Store, Inc.,*
  H-07-0561, 2007 U.S. Dist LEXIS 47818 (S.D.Tex. 2007)........... 6

*E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin*
  *Intermediates, S.A.S.,*
  269 F. 3d 187 (3d. Cir. 2001)......................................................... 8

*Ehlinger & Assocs. v. Louisiana Architects Ass'n,*
  989 F. Supp. 775 (E.D. La. 1998)................................................. 12

*In re Cal. Title Ins. Antitrust Litig.,*
  No. 08-01341, 2009 WL 1458025 (N.D. Cal. May 21, 2009)........ 9, 13

*In re Citric Acid Litig.,*
  191 F. 3d 1090 (9th Cir. 1999) ....................................................... 7

*In re Graphics Processing Units Antitrust Litig.,*
  527 F. Supp. 2d 1011 (N.D. Cal. 2007).................................... 7, 14

*In re Pennsylvania Title Ins. Antitrust Litigation,*
  648 F. Supp. 2d 663 (E.D. Pa. 2009) .......................................... 10

*In re TFT-LCD (Flat Panel) Antitrust Litig.,*
  586 F. Supp. 2d 1109 (N.D. Cal. 2008) ......................................... 3

*Interscope Records v. Rodriguez,*
  No. 06-CV-2485, 2007 U.S. Dist LEXIS 60903 (S.D.Cal. 2007) ...... 6

*Jeanery, Inc. v. James Jeans, Inc.,*
  849 F. 2d 1148 (9th Cir. 1988) ....................................................... 4

*Jung v. Ass'n of Am. Med. Colls.,*
  300 F. Supp. 2d 119 (D.D.C. 2004).............................................. 3, 4

**TABLE OF AUTHORITIES** *(continued)*

Page(s)

*Kendall v. Visa U.S.A., Inc.*,
518 F.3d 1042 (9th Cir. 2008) ........................................................................ 3, 7

*L.A. Gear, Inc. v. E.S. Originals, Inc.,*
859 F. Supp. 1294 (C.D. Cal. 1994) ............................................................ 10, 11

*Monsanto Co. v. Spray-Rite Serv. Corp.*,
465 U.S. 752 (1984) ............................................................................................ 4

*Murphy Tugboat Co. v. Crowley*,
658 F.2d 1256 (9th Cir. 1981) ......................................................................... 10

*Murphy Tugboat Co. v. Shipowners & Merchants Tugboat Co.*,
467 F. Supp. 841 (N.D. Cal. 1979) ................................................................. 10

*Papasan v. Allain*,
478 U.S. 265 (1986) ............................................................................................ 3

*Paramount Farms, Inc. v. Ventilex B.V.*,
No. CV F 08-1027 LJO SKO, 2010 WL 394599 (E.D. Cal. Oct. 4, 2010) ....... 9

*Reynolds Metals Co. v. The Columbia Gas Sys., Inc.*,
669 F. Supp. 744 (E.D. Va. 1987) ................................................................... 10

*Rick-Mik Enters., Inc. v. Equilon Enters., LLC*,
532 F.3d 963 (9th Cir. 2008) ............................................................................. 7

*SRK Consulting, Inc. v. MMLA Psomas, Inc.*,
No. CV-09-0611-PHX-GMS, 2009 WL 2450490 (D. Ariz. Aug. 11, 2009) .............. 9, 13

*The America Channel v. Time Warner Cable, Inc.*,
No. 06-2175, 2007 U.S. Dist LEXIS 47966 (D.Minn. 2007) ........................... 6

*U.S. v. Bestfoods*,
524 U.S. 51 (1998) ............................................................................................ 10

*U.S. v. Siemens AG*,
No. 09-4414, 2010 WL 1711775 (E.D. Pa. Apr. 26, 2010) .......................... 8, 9

**Other Authorities**

DOJ-FTC Antitrust Guidelines for the Licensing of Intellectual Property (1995) ......................... 6

Restatement (Second) of Agency § 8 (1957) ................................................................... 11

Restatement (Third) of Agency § 3.01 (2006) ................................................................ 11

Restatement (Third) of Agency § 3.03 (2006) ................................................................ 13

# I.

# INTRODUCTION

Pursuant to Federal Rule of Civil Procedure l2(b)(6), defendants Dole Fresh Vegetables, Inc. ("DFV") and Dole Food Company, Inc. ("Dole Food") (collectively, the "Dole Defendants"), through their undersigned counsel, submit this Memorandum in support of their Joint Motion to Dismiss the Direct Purchasers' First Amended Complaint ( "FAC") and the Indirect Purchasers' First Amended Complaint ("IFAC") for failure to state a claim against the Dole Defendants.  Plaintiffs[1] purport to allege a violation of Section 1 of the Sherman Act, claiming that Defendants and others engaged in price-fixing "by controlling and reducing the aggregate supply of potatoes."  FAC ¶ 2; *see also* IFAC ¶¶ 1, 3.  Indirect Purchasers also allege that the purported conspiracy violated state antitrust, consumer protection and unfair competition statutes, and constituted unjust enrichment.  IFAC ¶¶ 346-422.

The Dole Defendants do not belong in this case.  The conspiracy alleged by Plaintiffs is one to raise prices by restricting the aggregate supply of potatoes.  Yet ***neither Dole Defendant grows or sells potatoes***.  Dole Food, DFV's parent, is a corporate ***holding company***.  FAC ¶¶ 52-53 & IFAC ¶¶ 132, 134.  DFV is a producer of vegetables *other* than potatoes.  *See* FAC ¶ 54. Its only connection to potatoes is as ***licensor*** of the Dole brand name through a ***procompetitive licensing arrangement that*** <u>***predates***</u> ***the conduct challenged here by the better part of a decade***.  Specifically, DFV lends the "Dole" trademark to Wada Farms Marketing, LLC ("Wada Farms Marketing"), which in turn markets Dole-branded potatoes.  *See* FAC ¶¶ 55, 61, 65-66 & IFAC ¶¶ 135, 141, 144-45.  DFV is thus the mere "***licensor*** of potatoes ***<u>sold by the Wada</u>***

---

[1] Unless otherwise noted, references to "Plaintiffs" include both Direct and Indirect Purchasers.

***Defendants***."  FAC ¶ 61 & IFAC ¶ 141 (emphasis added).  Accordingly, Plaintiffs' assertion that DFV and Dole Food "participated in the [alleged] supply-restriction and price-fixing scheme" is pure invention.  It is unsubstantiated by a single fact in a single one of the 754 paragraphs in the FAC and IFAC.

Lacking any basis for a conspiracy claim, Plaintiffs' agenda is to advance a purported theory of ***vicarious liability***.  Plaintiffs contend that the Dole Defendants are vicariously liable for the alleged unlawful acts of one or more of the Wada Defendants, who supposedly possessed actual or apparent authority to restrain trade on the Dole Defendants' behalf.  *See, e.g.*, FAC ¶¶ 62, 63; IFAC ¶ 142.  In the first place, however, the Wada Defendants have not violated the law.  *See* Motion to Dismiss Based on the Capper-Volstead Act and Related Statutes ("Capper-Volstead Motion"), Motion to Dismiss Claims Against Certain Defendants and Defendant Associations ("Motion to Dismiss Claims"), and supporting memorandums.  In any event, Plaintiffs' theory of vicarious agency liability is ***legally defective and factually unsupported***.  One ***essential legal requirement*** for vicarious liability to apply is that the claim must arise out of the alleged agency relationship, meaning that in an antitrust case, ***the principal must "give[] [its alleged agent] the power to frustrate competition in the marketplace***."  *Am. Society of Mech. Eng'rs, Inc. v. Hydrolevel Corp.*, 456 U.S. 570-71 (1982) (emphasis added).  This requirement ***cannot be satisfied*** in this case.  Plaintiffs have merely alleged a relationship allowing Wada Farms Marketing to put the Dole brand on potatoes that are neither grown nor sold by the Dole Defendants.  The ***ability to control a trademark is not the same as the power to restrain trade***, and Plaintiffs ***cannot allege*** that DFV or Dole Food possessed that power, much less delegated it to an agent.  Apart from this insurmountable legal deficiency, Plaintiffs also plead ***no factual basis*** for their ***conclusory allegations*** of actual or apparent authority.

Finally, because Indirect Purchasers' state claims are ***derivative*** of, and entirely reliant on, the allegations of conspiracy and vicarious liability set forth in the federal antitrust claims, their state claims must fail on account of the same defects.  Since there is no basis on which Direct or Indirect Purchasers can remedy these defects, dismissal should be ***with prejudice***.

## II.
## LEGAL STANDARD

The legal standard under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) governing a motion to dismiss under Rule 12(b)(6) is now well-established.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555, quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  In an antitrust conspiracy case, a plaintiff ***must*** plead "***facts*** that are suggestive enough ***to render a §1 conspiracy plausible***."  *Id*. at 556 (emphasis added); *see also Kendall v. Visa U.S.A., Inc*., 518 F.3d 1042, 1047 (9th Cir. 2008) ("[t]o allege an agreement between antitrust co-conspirators, the complaint must allege facts such as a 'specific time, place, or person involved in the alleged conspiracies' to give a defendant seeking to respond to allegations of a conspiracy an idea of where to begin" (citing *Twombly*, 550 U.S. at 565 n.10)).  This burden applies as to ***each defendant***: a plaintiff "must allege that ***each individual defendant*** joined the conspiracy and played some role in it because, at the heart of an antitrust conspiracy is an agreement and a conscious decision by each defendant to join it."  *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1117 (N.D. Cal. 2008) (emphasis added; citations and quotation marks omitted); *see also, e.g., Jung v. Ass'n of Am. Med. Colls.*, 300 F. Supp. 2d 119, 161 (D.D.C. 2004) (plaintiff must carry its "burden of adequately alleging that a conspiracy to

restrain trade existed in the first instance and that ***each defendant*** knowingly joined or agreed to participate in the conspiracy" (emphasis added)).

### III.
### ARGUMENT

**A.** **Plaintiffs Have Failed To Plead Conspiracy By DFV Or Dole Food.**

To plead a conspiracy, Plaintiffs ***must show*** that Dole Food, DFV and the remaining Defendants "'had a ***conscious commitment to a common scheme designed to achieve an unlawful objective***.'"  *Monsanto Co. v. Spray-Rite Serv. Corp.*, 465 U.S. 752, 764 (1984) (emphasis added; citation omitted); *see also Jeanery, Inc. v. James Jean, Inc*., 849 F. 2d 1148, 1155 (9th Cir. 1988) ("common scheme" or "meeting of the minds" is a prerequisite to section 1 liability).  Plaintiffs have ***failed*** to carry this burden.[2]  At most, Plaintiffs rely on ***conclusory assertions*** of collusion by DFV and Dole Food, *see* FAC ¶ 52 & IFAC ¶ 133 (DFV "participated in the supply-restriction and price-fixing scheme…"), FAC ¶ 58 (Dole Food "participated in the supply-restriction and price-fixing scheme…"), but a complaint does ***not*** "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).  Plaintiffs have ***failed to plead <u>any</u> supporting facts***, much less "***facts*** that are suggestive enough ***to render a §1 conspiracy plausible***."  *Twombly*, 550 U.S. at 556 (emphasis added).  To the contrary, the few facts that Plaintiffs have alleged about the Dole Defendants render any assertion of conspiracy by them ***wholly implausible***.

---

[2] Boilerplate allegations of wrongdoing by *all Defendants*, *see, e.g.*, FAC ¶¶ 133-35, 324-25, 329, do not suffice.  "Plaintiffs cannot escape their burden of alleging that each defendant participated in or agreed to join the conspiracy by using the term 'defendants' to apply to numerous parties…" *Jung*, 300 F. Supp. 2d at 163; *see also AD/SAT v. Assoc. Press*, 181 F.3d 216, 234 (2d Cir. 1999) ("we require a factual showing that each defendant conspired in violation of the antitrust laws").

In the first place, ***the Dole Defendants do not grow or sell potatoes***.  Dole Food is a holding company that owns DFV, *see* FAC ¶¶ 52-53, IFAC ¶¶ 132, 134, and DFV "sources, harvests, distributes and markets over 35 varieties of fresh vegetables," but ***not potatoes***.  FAC ¶ 54.  As Plaintiffs concede, DFV is only "the ***licensor*** of potatoes ***sold by the Wada Defendants***."[3]  FAC ¶ 61 & IFAC ¶ 141 (emphasis added); *see also* FAC ¶ 55 & IFAC ¶ 135 (DFV "has exclusive licensing agreements for a line of potatoes and onions" with Wada Farms Marketing).  That is, DFV's only role in this case is as the ***licensor*** of the Dole ***brand name***.  Its interest is to "***steadily increase***[] its presence in the produce case."  FAC ¶ 66 & IFAC ¶ 145 (emphasis added).  In short, it is wholly ***implausible*** that DFV (or Dole Food) has "conspired" with anyone to reduce the supply of a product ***it does not grow or sell***.

Moreover, far from serving as means to restrain trade, licensing arrangements of the sort alleged here are ***perfectly ordinary commercial conduct***.  Plaintiffs agree that DFV has agreements "with other producers for other vegetables."  FAC ¶ 55 & IFAC ¶ 135.  Its agreement with Wada Farms Marketing is purely ***bilateral***, involving none of the other alleged conspirators.  It includes ***multiple products*** (*e.g.*, onions and sweet potatoes) as to which ***no conspiracy*** is alleged.  In fact, it ***predates the alleged potato-supply-reducing conspiracy by the better part of a decade***.  *Compare* FAC ¶ 65 & IFAC ¶ 144 (license relationship "began approximately fifteen years ago") *with* FAC ¶ 329 (alleged conspiracy began "at least as early as 2003") & IFAC ¶ 344 (alleged conspiracy began "at least as early as 2004").  ***No allegation*** even hints that the licensing agreement is ***anticompetitive***; to the contrary, it is plainly ***pro-competitive***.  *See, e.g.,*

---

[3] Plaintiffs lump DFV and Dole Food together "collectively … as [the] 'Dole Defendants,'" *see* FAC ¶ 60, IFAC ¶ 140, and thereafter speak of the "Dole Defendants" as "the licensor," *see* FAC ¶ 61, IFAC ¶ 141, but it remains conceded that the licensing relationship is with DFV.  *See* FAC ¶ 55 & IFAC ¶ 135.

FAC ¶ 66 & IFAC ¶ 145 (retailers "want and respect" Dole brand on account of its "very good presence and recognition amongst consumers for value and quality"); DOJ-FTC Antitrust Guidelines for the Licensing of Intellectual Property (1995), § 2.0 ("intellectual property licensing allows firms to combine complementary factors of production and is generally procompetitive").

This **lawful and procompetitive bilateral licensing arrangement** cannot be magically transformed into an illicit conspiracy among more than twenty Defendants by the "information and belief" allegation of Direct Purchasers—but, tellingly, not Indirect Purchasers—that "the Dole Defendants were aware of, endorsed, and profited from the price-fixing scheme alleged herein." FAC ¶ 61. This is a **threadbare conclusion**, not a factual basis for showing a motivation to conspire, much less the actual existence of a conspiracy. *See Twombly*, 550 U.S. at 551-53 (allegation "upon information and belief" of conspiracy to refuse to deal insufficiently grounded in facts).[4] Nor is conspiracy shown by the allegation that DFV "is a participant in various trade associations frequented by potato marketers, growers or potato growing cooperatives, such as the United Fresh Produce Association and the Produce Marketing Association." FAC ¶ 56 & IFAC ¶ 136. This allegation pleads **no communications** (much less agreements) by **any party**. It is the **only mention** of either Produce Association anywhere in

---

[4] *See also, e.g., Interscope Records v. Rodriguez*, No. 06-CV-2485, 2007 U.S. Dist LEXIS 60903 at *3-4 (S.D. Cal. Aug. 17, 2007) ("bare conclusory statement … on 'information and belief'" insufficient under *Twombly*); *The America Channel, LLC v. Time Warner Cable, Inc.*, No. 06-2175, 2007 U.S. Dist LEXIS 47966 at *11-14 (D. Minn. June 28, 2007) (dismissing amended complaint under *Twombly* where conclusory allegations "[o]n information and belief" in amended complaint failed to cure inadequacy of conclusory allegations of refusal to deal in original complaint); *Dell, Inc. v. This Old Store, Inc.*, H-07-0561, 2007 U.S. Dist LEXIS 47818 at *8-10 (S.D. Tex. July 2, 2007) ("general allegations 'on information and belief' with no factual specifics" do not satisfy *Twombly* standard).

Plaintiffs' complaints.  It simply ***cannot support*** a conspiracy claim as a matter of law.  *See Twombly*, 550 U.S. at 567 n.12 (allegations that defendants "belong to various trade associations" held insufficient to plead conspiracy); *In re Citric Acid Litig.,* 191 F. 3d 1090, 1103 (9th Cir. 1999) (refusing to "infer participation in the conspiracy from the opportunity to do so"); *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1023 (N.D. Cal. 2007) ("[a]ttendance at industry trade shows and events is presumed legitimate").  Consequently, Plaintiffs have defaulted on their burden of pleading "evidentiary facts," "not just ultimate facts (such as conspiracy)."  *Kendall*, 518 F. 3d at 1047-48; *see also Rick-Mik Enters., Inc. v. Equilon Enters., LLC,* 532 F.3d 963, 975 (9th Cir. 2008) ("readily conclud[ing] that [plaintiff's] complaint lacks specific details of an illegal price-fixing scheme").  In sum, Plaintiffs' claim of a conspiracy involving DFV and Dole Food is nonsense and should be dismissed with prejudice.

**B.**    **Plaintiffs' Agency Theory Of Vicarious Liability Is Wholly Deficient.**

Effectively conceding the lack of any conceivable basis for alleging conspiracy by Dole Food or DFV, Plaintiffs advance a theory of ***vicarious liability***, contending that the Dole Defendants are vicariously liable for the supposed unlawful acts of one or more of the Wada Defendants.  *See, e.g.*, FAC ¶ 62 ("The Wada Defendants acted as the Dole Defendants' agent in participating in the price-fixing and capacity reduction scheme alleged herein.").[5]  This theory fails for multiple reasons.  First, it rests on the ***false premise*** that one or more of the Wada Defendants engaged in a conspiracy in violation of the Sherman Act.  As set forth in the Capper-Volstead Motion and the Motion to Dismiss Claims, and supporting memorandums, the Wada Defendants have ***not*** violated the antitrust laws.  Second, even assuming an antitrust violation

---

[5]  Indirect Purchasers *omit* this particular conclusory allegation but still purport to plead an agency theory of vicarious liability.  *See* IFAC ¶¶ 142-43, 268.

*arguendo*, Plaintiffs' contention that the Dole Defendants invested "actual or apparent authority" "in the Wada Defendants to act on Dole's behalf," ***does not plead a legally valid theory of vicarious antitrust liability*** and, in any event, rests fatally on ***conclusory allegations devoid of supporting facts***.

Plaintiffs' theory of vicarious agency liability—whether by actual or apparent authority—is legally defective from the start.  To "bind a principal by its agent's acts, the plaintiff must demonstrate that the agent was acting on behalf of the principal ***and that the cause of action arises out of that relationship***."  *E.I. DuPont de Nemours and Co. v. Rhone Poulenc Fiber and Resin Intermediates, S.A.S.*, 269 F. 3d 187, 198 (3d. Cir. 2001) (emphasis added); *U.S. v. Siemens AG*, No. 09-4414**,** 2010 WL 1711775, at *6 (E.D. Pa. Apr. 26, 2010) (same).  For an ***antitrust*** cause of action to "arise out of the [alleged agency] relationship," the principal must "give[] [its alleged agent] the power to frustrate competition in the marketplace."  *Am. Soc'y of Mech. Eng'rs, Inc. v. Hydrolevel Corp.*, 456 U.S. 556, 570-71 (1982); *see also id*. at 576 (alleged antitrust violation "could not have occurred without" the principal's product and powers).  This requirement is vital here since common law principles of agency apply ***only*** when "consistent with the intent behind the antitrust laws."  *Hydrolevel*, 456 U.S. at 569-70.  DFV and Dole Food, however, ***cannot bestow the power to restrain potato supply on any agent, since they do not possess it in the first place***.  They cannot reduce the supply of a product they do not produce.  Control over the application of a ***trademark <u>to a product</u>*** is a different thing from restraining ***trade <u>in a product</u>***.[6]  In short, Plaintiffs' theory holds no water.

---

[6] Direct Purchasers effectively concede as much by the revealing phrasing of their (wholly conclusory) allegation that "[t]he Dole Defendants invested authority in the Wada Defendants to act on Dole's behalf, including by reducing the supply of *Dole-branded*

[Footnote continued on next page]

Regardless, and in any event, the complaints' allegations of actual and apparent authority are **rank conclusions**.[7]   Indeed, the pleadings pancake conclusion on top of conclusion and make heavy use of definitional sleight of hand ("X is defined as A and B") to link separate entities in supposed (but illusory) relationships of agency.  In this regard, Plaintiffs' agency allegations purport to encompass the two "Dole Defendants" and the five "Wada Defendants," **all of which are distinct legal entities**.  *See* FAC ¶¶ 30-33, 52, 58; IFAC ¶¶ 61-64, 66, 132, 138.  When unraveled, these allegations purport to impose vicarious liability on DFV (and Dole Food as its parent) on the basis that DFV was a **trademark licensor** to a company (Wada Farms Marketing) that was itself a **purported "*agent*" of a group of corporate entities** (Wada Farms, Inc., Wada Farms Potatoes, Inc, and Wada-Van Orden Potatoes, Inc.) that in turn allegedly acted "**through**" an individual, Albert Wada, who **supposedly conspired** to reduce potato supply.[8]  As discussed

---

[Footnote continued from previous page]

> *potatoes*."  FAC ¶ 63 (emphasis added).  Setting aside the independently fatal lack of any factual basis for any assertion that DFV invested any authority in anyone to reduce Dole's brand presence, the reality is that withholding the Dole brand label from a potato does not make the potato disappear.

[7]  Insufficiently supported allegations of agency routinely lead to dismissal by the courts.  *See, e.g.*, *In re Cal. Title Ins. Antitrust Litig.*, No. 08-01341, 2009 WL 1458025, at *8 (N.D. Cal. May 21, 2009) (dismissing agency-based claims against defendants where "the allegations of agency are [no] more than bare legal conclusions, which the Court need not accept as true"); *SRK Consulting, Inc. v. MMLA Psomas, Inc.*, No. CV-09-0611-PHX-GMS, 2009 WL 2450490, at *6 (D. Ariz. Aug. 11, 2009) (dismissing plaintiffs' agency claim where the complaint contained only "labels and conclusions" and lacked "factual enhancement" to support the inference of a principal/agent relationship); *Paramount Farms, Inc. v. Ventilex B.V.*, No. CV F 08-1027 LJO SKO, 2010 WL 3943599, at *6-*7 (E.D. Cal. Oct. 4, 2010) (denying plaintiff's motion to amend where its proposed amended complaint lacked necessary facts to support a principal-agency relationship); *U.S. v. Siemens AG*, No. 09-4414, 2010 WL 1711775 (E.D. Pa. Apr. 26, 2010) (same).

[8]  Specifically, the complaints allege that Wada Farms Marketing "acted as Wada Farms' agent," *see* FAC ¶ 51, IFAC ¶ 76, and that Wada Farms (defined in FAC ¶ 33 & IFAC ¶ 65 as Wada Farms, Inc., Wada Farms Potatoes, Inc, and Wada-Van Orden Potatoes, Inc.) then

[Footnote continued on next page]

below, this daisy chain of conclusions does not come close to pleading a factual basis for vicarious liability on the part of either DFV or Dole Food.[9]

   ***No Actual Authority***.  Plaintiffs' contention that "the Dole Defendants exercised actual ... authority over the Wada Defendants ... to act on Dole's behalf," *see* FAC ¶ 63; IFAC ¶ 142, is unaccompanied by ***any factual allegations beyond those purporting to describe the licensing arrangement*** between DFV and Wada Farms Marketing.  These allegations do ***not*** plead the investment of actual authority in Wada Farms Marketing to restrain trade, but rather the ***retention of customary brand controls by DFV, a trademark licensor***.[10]  FAC ¶ 61; IFAC

---

[Footnote continued from previous page]
   purportedly played a role in the challenged conduct only "through Albert Wada," who allegedly conspired to reduce potato supply.  *See* FAC ¶ 38; IFAC ¶ 73, 79.

9   Plaintiffs have alleged no basis on *any* theory for imputing the alleged licensing relationship to Dole Food.  A basic tenet of law holds that parent corporations are not liable for the alleged acts of their subsidiaries.  *U.S. v. Bestfoods*, 524 U.S. 51, 61 (1998).  Thus, "plaintiffs can not rely merely on the parents' ownership interest in their respective subsidiaries to sustain a § 1 claim against parent defendants."  *In re Pennsylvania Title Ins. Antitrust Litigation*, 648 F. Supp. 2d 663, 687 (E.D. Pa. 2009); *see also Reynolds Metals Co. v. The Columbia Gas Sys., Inc.*, 669 F. Supp. 744, 750 (E.D. Va. 1987) ( "ownership alone is insufficient to disregard the corporate identity"); *Murphy Tugboat Co. v. Shipowners & Merchants Tugboat Co.*, 467 F. Supp. 841, 854 (N.D. Cal. 1979) ("a parent corporation is not liable for its subsidiaries' acts simply because the parent owns all the stock of the subsidiaries and shares common officers and directors" unless "the subsidiary was a mere instrumentality of the parent, indicated by such facts as inadequate capitalization, absence of independent activity, action in the interest of the parent rather than the subsidiary, and failure to observe the legal requirements of separate corporate existence"), *aff'd sub nom, Murphy Tugboat Co. v. Crowley*, 658 F.2d 1256 (9th Cir. 1981).  And lumping Dole Food and DFV together collectively as the "Dole Defendants," *see* FAC ¶ 60, IFAC ¶ 140, cannot rescue a claim.  *See, e.g., Reynolds Metals*, 669 F. Supp at 750 (plaintiff's attempts to include parent corporation within scope of antitrust claim by referring to all defendants as a generic corporate family were "insufficient to implicate [the parent corporation] in the conduct upon which the claim is based").

10   "[L]icense agreements do not in and of themselves create an agency relationship."  *L.A. Gear, Inc. v. E.S. Originals, Inc.,* 859 F. Supp. 1294, 1299 (C.D. Cal. 1994).  In order for actual authority to be created, there must be "a principal's manifestation to an agent that, as

[Footnote continued on next page]

¶ 141.  As noted above, the authority (or power) relevant to this case—to grow and sell potatoes—was **not one that DFV possessed** in the first place.  The authority it does hold—over the usage of its trademark—is **irrelevant** to the alleged conspiracy.  The Dole name cannot add or subtract from the supply of potatoes.  Nonetheless, Plaintiffs' own allegations **confirm** that no authority was bestowed to curtail the Dole brand.  Plaintiffs expressly plead that Wada Farms itself affirmed that "there are **unlimited opportunities** with the National Dole label for potatoes … For Wada and Dole, **anything less is unacceptable**."  FAC ¶ 47 (emphasis added); *see also* IFAC ¶ 78.  Accordingly, the Dole "business relationship with the Wada Defendants … **has only increased**" over the last 15 years.  FAC ¶ 65 & IFAC ¶ 144 (emphasis added).  Rather than diminishing Dole's presence, Wada Farms Marketing "was instrumental [in 2009] in **developing** the United States marketplace for the Dole brand sweet potato."  FAC ¶ 48 (emphasis added).  Plaintiffs have simply failed to plead that DFV (or Dole Food) possessed, much less delegated, the authority to restrain trade.

**No Apparent Authority**.  Equally unavailing are allegations that DFV (or Dole Food) invested apparent authority in the Wada Defendants.  *See* FAC ¶ 63; IFAC ¶ 142.  "'Apparent authority is the power to affect the legal relations of another person by transactions with third persons, professedly as agent for the other, arising from and in accordance with the other's manifestations to such third persons.'"  *Hydrolevel*, 456 U.S. at 566 n.5 (quoting Restatement (Second) of Agency § 8 (1957)).  Thus, Plaintiffs **must plead** not just that one or more Wada Defendants "professed" to third parties to be DFV's agent and to be exercising DFV's alleged

---

[Footnote continued from previous page]

reasonably understood by the agent, expresses the principal's assent that the agent take action on the principal's behalf."  *See* Restatement (Third) of Agency § 3.01 (2006); *id*. at § 3.01 cmt. b (principal's manifestation of assent to purported agent is "an essential requirement").

power to restrain trade but also that such conduct was "in accordance with [DFV's own] manifestations to such third persons."  Plaintiffs, however, have pled none of these elements.[11]

***First***, Plaintiffs ***do not allege*** any conspiratorial agreements or other "***transactions with third persons***" where any of the Wada Defendants were exercising DFV's supposed powers "***professedly as [DFV's] agent***."  Indeed, in the 176 paragraphs of "factual allegations" in Direct Purchasers' complaint, FAC ¶¶ 146-322, or the 142 paragraphs in Indirect Purchasers' complaint, IFAC ¶¶ 193-335, ***no facts*** are pled identifying ***any instance*** where a Wada Defendant professed to be acting as DFV's agent in any way.[12]  This is unsurprising, of course, since in these hundreds of paragraphs Plaintiffs purport to be alleging conduct that restricts the supply of a product (potatoes) that ***DFV does not make***.  ***Second***, while Plaintiffs allege that the "Dole Defendants and Wada Defendants made ... representations [that] gave rise to a reasonable belief that the Wada Defendants possessed authority to act on Dole Food's behalf," ***they plead no representations or "manifestations to … third persons" by either Dole entity*** in support of

---

[11]  Indeed, none of the factors the Supreme Court relied on in *Hydrolevel* to support apparent-authority vicarious liability is present here.  *Compare Hydrolevel*, 456 U.S. at 570-73, 576 (upholding vicarious antitrust liability where agent's alleged illegal conspiracy "could not have occurred without" alleged principal-defendant's reputation and "great power," and where latter deemed in the best position to prevent agent from committing similar violations in future) *with Ehlinger & Assocs. v. Louisiana Architects Ass'n*, 989 F. Supp. 775, 789 (E.D. La. 1998) ("[p]laintiffs' theory of apparent authority is many steps removed from the situation presented in *Hydrolevel*," in part because purported agent not alleged to be "using the name, standards, policies or authority of the [purported principal] to accomplish anticompetitive purposes").

[12]  One paragraph does offer a conclusory reference (in a parenthetical, no less) to Dole Food:  "All Defendants involved in potato growing and selling operations herein (including Wada Farms and Wada Farms Marketing Group (on behalf of themselves and Dole Food) … were direct participants in the supply reduction scheme outlined herein…"  FAC ¶ 246; *see also* IFAC ¶ 268.  Such breathtakingly bare assertions "are conclusory and not entitled to be assumed true."  *Iqbal*, 129 S. Ct. at 1951.

this conclusory allegation.  Plaintiffs **expressly rely _only_** on alleged statements ("releases to the press and on the Wada website") **by the Wada Defendants**.  *See* FAC ¶ 64; IFAC ¶ 143.  This alone warrants dismissal because "[a]pparent authority is present **only** when a third party's belief is traceable **to manifestations of the principal**."  Restatement (Third) of Agency § 3.03, cmt. b (2006) (emphasis added).  Thus, Plaintiffs comprehensively fail to plead apparent authority.

\* \* \* \* \*

In sum, Plaintiffs' attempt to rely on a vicarious liability theory to assert claims against the Dole Defendants must fail.  *See, e.g., In re Cal. Title Ins. Antitrust Litig.*, 2009 WL 1458025, at \*8 (dismissing agency-based claims against defendants where "the allegations of agency are [no] more than bare legal conclusions"); *SRK Consulting, Inc.*, 2009 WL 2450490, at \*6 (dismissing plaintiffs' agency claim where the complaint contained only "labels and conclusions" and lacked "factual enhancement" to support the inference of a principal/agent relationship); *Brennan v. Concord EFS, Inc.*, 369 F. Supp. 2d 1127, 1136-37 (N.D. Cal. 2005) (granting motion to dismiss where "[t]he allegations of the complaint regarding both the vicarious liability and conspiracy theories are simply legal conclusions without supporting facts").  Plaintiffs' Sherman Act claims against DFV and Dole Food should be dismissed.

## C.    <u>Indirect Purchasers' Wholly Derivative State Law Claims Are Equally Deficient.</u>

Indirect Purchasers purport to state claims against DFV and Dole Food for violations of numerous state antitrust and unfair competition laws, and for unjust enrichment.  These claims, however, all derive from and rest upon the theory of conspiracy alleged in the federal antitrust claims.  That is, all of Indirect Purchasers' claims expressly hinge on the allegation that Defendants agreed to participate in a conspiracy.  *See*, *e.g.*, IFAC ¶ 349 ("By reason of Defendants' conspiracy ... Plaintiffs and each member of the Class have been injured....").  But

as demonstrated above, Indirect Purchasers' allegations of conspiracy have wholly failed to state a claim under federal pleading standards, which govern in federal court even as to state conspiracy claims. *See, e.g., In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d at 1025. "Since plaintiffs' federal and state-law antitrust claims are predicated on the same allegations of conspiracy, they likewise are insufficient to state a claim for conspiracy." *Id.* (granting defendants' motion to dismiss state antitrust law claims where indirect purchasers' allegation of a price-fixing conspiracy were insufficient to state a claim under federal pleading standards). Having fallen far short of adequately alleging conspiracy or vicarious liability with respect to DFV and Dole Food, all of Indirect Purchasers' state law claims fail and should be dismissed.[13]

## IV.
## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Capper-Volstead Motion, the Motion to Dismiss Claims and the Motion to Dismiss the Indirect Purchasers' Claims, and supporting memorandums, DFV and Dole Food respectfully request that the claims against them be dismissed with prejudice. All Plaintiffs have already availed themselves of at least one opportunity to amend and, in any event, further amendment would be futile where, as here, no possible basis exists for naming DFV or Dole Food as Defendants.

_____

[13]  The Dole Defendants also hereby adopt the additional reasons for dismissal as to the state law claims set forth in the Motion to Dismiss the Indirect Purchasers' Claims and supporting memorandum.

DATED this 18th day of March, 2011.

MOFFATT, THOMAS, BARRETT, ROCK &
FIELDS, CHARTERED

/s/  Stephen R. Thomas
Stephen R. Thomas
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho  83701
Telephone  (208) 345-2000
Facsimile   (208) 385-5384
srt@moffatt.com

Daniel G. Swanson
Samuel G. Liversidge
Melissa Phan
GIBSON, DUNN & CRUTCHER LLP
333 S. Grand Avenue
Los Angeles, California  90071
Telephone  (213) 229-7430
Facsimile  (213) 229-6430
DSwanson@gibsondunn.com
SLiversidge@gibsondunn.com
MPhan@gibsondunn.com

*Attorneys for Dole Fresh Vegetables, Inc.
and Dole Food Company, Inc.*

15

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of March, 2011, I filed the foregoing **MEMORANDUM IN SUPPORT OF DOLE FOOD COMPANY, INC. AND DOLE FRESH VEGETABLES, INC.'S JOINT MOTION TO DISMISS DIRECT PURCHASERS' FIRST AMENDED CLASS ACTION COMPLAINT AND INDIRECT PURCHASERS' FIRST AMENDED CLASS ACTION COMPLAINT** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Albert P. Barker
abp@idahowaters.com

Allen Steyer
asteyer@steyerlaw.com

Andrew G. Deiss
adeiss@joneswaldo.com

Arthur N. Bailey, Jr.
abailey@hausfeldllp.com

Bart M. Davis
bmdavis@bmdlaw.net

Benjamin Andrew Schwartzman
bschwartzman@bwslawgroup.com

Billie J. Siddoway
bsiddoway@joneswaldo.com

Bonny E. Sweeney
bonnys@rgrdlaw.com

Brad P. Miller
bmiller@hawleytroxell.com

Bruce S. Bistline
bbistline@gordonlawoffices.com

Carmen A. Medici
cmedici@rgrdlaw.com

Chad V. Bonanni
chad@essex.bpflegal.com

Daniel M. Cohen
danielc@cuneolaw.com

David T. Biderman
dbiderman@perkinscoie.com

David J. Syrios
dsyrios@ademilaw.com

Donald Amamgbo
Donald@amamgbolaw.com

Donald M. Barnes
dbarnes@porterwright.com

Douglas A. Millen
dmillen@fklmlaw.com

Elizabeth McKenna
emckenna@milberg.com

Eric P. Enson
epenson@jonesday.com

Eugene A. Spector
espector@srkw-law.com

Gregory L. Crockett
gregcrockett@hopkinsroden.ocm

Guri Ademi
gademi@ademilaw.com

Hollis Salzman
hsalzman@labaton.com

James A. Wilson
jawilson@vorys.com

James E. Hartley
jhartley@hollandhart.com

James S. Lowrie
jlowrie@joneswaldo.com

Jay L. Himes
jhimes@labaton.com

Jay S. Cohen
jcohen@srkw-law.com

Jeffrey A. LeVee
jlevee@jonesday.com

Jeffrey L. Spector
jspector@srkw-law.com

Jon T. King
jking@hausfeldllp.com

Joseph Michael Barton
jbarton@glancylaw.com

Julio Joaquin Ramos
ramosfortrustee@yahoo.com

Kimberly A. Kralowec
kkralowec@kraloweclaw.com

Lionel Z. Glancy
lglancy@glancylaw.com

Lauren Block
lblock@milberg.com

Mark A Griffin
mgriffin@kellerrohrback.com

Matthew S. Wild
mwild@wildlawgroup.com

1

Michael M. Goldberg
mmgoldberg@glancylaw.com

Michael Hausfeld
mhausfeld@hausfeldllp.com

Michael D. Gaffney
gaffney@beardstclair.com

Michael P. Lehmann
mlahmann@hausfeldllp.com

Mindee J. Reuben
reuben@wka-law.com

Monte N. Stewart
stewart@belnaplaw.com

Neil D. McFeeley
nmcfeeley@eberle.com

Paul Novak
pnovak@milberg.com

Peter Safirstein
psafirstein@milberg.com

Philip Howard Gordon
pgordon@gordonlawoffices.com

Reginald Von Terrell
Reggie2@aol.com

Richard C. Boardman
rboardman@perkinscoie.com

Robert Rosenfeld
rrosenfeld@orrick.com

Ronald J. Aranoff
aranoff@bernlieb.com

Salvatore A. Romano
sromano@porterwright.com

Shpetim Ademi
sademi@ademilaw.com

Steven A. Asher
asher@wka-law.com

Steven A. Kanner
skanner@fklmlaw.com

Steven B. Anderson
sandersen@hollandhart.com

Steven Bomse
sbomse@orrick.com

Susan G. Kupfer
skupfer@glancylaw.com

William V. Reiss
wreiss@labaton.com

Wade L. Woodard
wwoodard@bwslawgroup.com

William L. Greene
William.greene@leonard.com

Winston V. Beard
winston@beardstclair.com

James J Pizzirusso
jpizzirusso@hausfeldllp.com

Andrew H Stone
astone@joneswaldo.com

Phillip A. Proger
paproger@JonesDay.com

   /s/  Stephen R. Thomas
Stephen R. Thomas