UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION | Case No. 4:10-MD-2186-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

Before the Court is Defendant Dole Fresh Vegetables, Inc. and Dole Food Company, Inc.'s Joint Motion for Final Judgment under Federal Rule of Civil Procedure 54(b) (Dkt. 162). The motion has been fully briefed and the Court has determined that oral argument would not aid the decision-making process. For the reasons set forth below, the Court will deny the motion.

## BACKGROUND

This Court previously dismissed all plaintiffs' claims against both Dole defendants with prejudice. The reasons for that dismissal are fully set out in the Court's December 2, 2011 order and will not be repeated here. In a nutshell, however, plaintiffs failed to plausibly allege that the Dole defendants were linked to the alleged conspiracy. *See Order,* Dkt. 159, at 37-42.

Plaintiffs continue to pursue other defendants for the same alleged conspiracy,

MEMORANDUM DECISION AND ORDER - 1

though the Court granted some of these defendants motions to dismiss with leave to amend. Plaintiffs filed amended complaints in January 2012, and the parties stipulated to an extension to file responsive pleadings. Under that stipulated extension, any Rule 12 motions will not be fully briefed until July 2, 2012.

## ANALYSIS

Dole moves for entry of judgment under Federal Rule of Civil Procedure 54(b). When more than one claim for relief is presented to a court, Rule 54(b) allows that court to "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). The Court must first determine whether it has "rendered a final judgment, that is, a judgment that is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). Next, the Court must determine whether "there is any just reason for delay." *Id.*

Here, there is no dispute that the Court has completely resolved plaintiffs' claims against Dole. Thus, the determinative issue is whether "the sound administration of justice" and the equities at stake compel an immediate Rule 54(b) certification.

Beginning with the equities, Dole has not made a compelling showing. It generally says it wants to finally clear its name, but that is true in any case and Dole does not present any specific harms it is facing. Dole is slightly more specific regarding costs.

It says it is incurring costs because it is "forced" to monitor the docket. But Dole is choosing to do this; it is not required to do so. All that remains for Dole to do is wait.

And that – sheer delay – is one consideration that weighs in Dole's favor. This litigation could take years to resolve. It has already been pending for around two years, and the case is not even at issue. As noted, another round of Rule12(b)(6) motions is in the offing. Delay, however, is the only factor that weighs in Dole's favor, and the Court finds that this consideration is outweighed by the "sound administration of justice" inquiry.

Specific factors relevant to this inquiry include (1) whether certification would result in unnecessary appellate review; (2) whether the claims finally adjudicated were separate, distinct, and independent of any other claims; (3) whether review of the adjudicated claims would be mooted by any future developments in the case; and (4) whether an appellate court would have to decide the same issues more than once even if there were subsequent appeals. *Wood,* 422 F.3d at 878.

Considering these factors, the Court is not convinced that the dismissal order relating to Dole is ready for appeal. Dole generally argues that overlapping facts and mootness concerns will not necessarily preclude Rule 54(b) certification, particularly if balanced by practical offsetting considerations, such as facilitation of settlement of the undismissed claims. *See Dole Reply*, Dkt. 179, at 4. But Dole does not precisely articulate how practical considerations might offset the risk of piecemeal appeals. Dole

does not, for example, explain how a Rule 54(b) certification would facilitate settlement of the remaining claims in this matter.

Nor does Dole specifically address plaintiff's argument that developments at the trial level could moot issues presented by appeal. In that regard, the conspiracy claim against Dole is the same claim plaintiffs are pursuing against the remaining defendants. Granted, plaintiffs attacked Dole on a different theory – namely, that Dole controlled the Wada defendants, who are allegedly the masterminds behind the entire conspiracy. But if the trier of fact determines the Wada defendants did not violate the Sherman Act, then Dole's alleged control of these defendants would be moot.

Additionally, if the Court certifies the Dole dismissal order for an immediate appeal, the appellate court could be called upon to decide whether Capper-Volstead immunizes the remaining defendants from antitrust liability, which is a key issue that remains before this Court. In its motion to dismiss, Dole argued that plaintiffs' vicarious liability failed because, among other things, "it rests on the ***false premise*** that one or more of the Wada Defendants engaged in a conspiracy in violation of the Sherman Act. As set forth in the Capper-Volstead Motion . . . . the Wada Defendants have ***not*** violated the antitrust laws." *Mar. 18, 2011 Dole 12(b)6) Memo.,* Dkt. 88-1, at 7 (emphasis in original). So even though Dole presented unique arguments, it also incorporated arguments made by the other defendants.

Dole argues that, regardless, any appellate review would be minimal because this

**MEMORANDUM DECISION AND ORDER - 4**

Court decided the case at the pleading stage.  Generally speaking, this is true.  But it is also worth noting that the complaints in this case are lengthy and complex, particularly considering that an appellate review of the pleadings could include consideration of the larger Capper-Volstead issues.

On balance, although the Court is concerned that Dole may have to wait years before finally resolving this matter, that concern is ultimately outweighed by the risk of burdening the court of appeal with separate appeals.  That said, the Court will deny this motion without prejudice.  The Court cannot predict precisely how this litigation will develop, but it may be that future developments would cause the Court to reconsider its position as to Dole's request for Rule 54(b) certification.

## ORDER

**IT IS ORDERED** that Dole's motion for Rule 54(b) certification (Dkt. 162) is **DENIED WITHOUT PREJUDICE.**

DATED:  **April 16, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge