UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION**<br><br>**THIS DOCUMENT RELATES TO: ALL ACTIONS** | **Case No. 4:10-MD-2186-BLW**<br><br>**CASE MANAGEMENT ORDER NO. 5** |

  The Court has reviewed Case Management Order No. 4 (Dkt. 239), after discussing with counsel at the June 27, 2013 status conference the need to revise it to reflect the transfer by United States Judicial Panel on Multidistrict Litigation of *Associated Wholesale Grocers, Inc. v. United Potato Growers of America, Inc. et al.*, Case No. 13-cv-2182 from the United States District Court for the District of Kansas to the above-captioned MDL No. 2186. The Court has also reviewed the parties' briefs and heard oral argument on whether to modify the CMO to provide for resolution of the Capper-Volstead issues earlier in the proceedings, and determined that it will not do so. Accordingly, the Court has determined that it is in the best interest of this litigation to issue the following Order, which will supersede Case Management Order No. 4, except as noted herein:

**CASE MANAGEMENT ORDER NO. 5 - 1**

# ORDER

**IT IS ORDERED:**

1.  **Initial Disclosures:** The parties are relieved of their obligation to provide initial disclosures under Federal Rule of Civil Procedure 26(a)(1).

2.  **Service of Discovery Materials:** The parties may use electronic means to effect service of discovery materials. To avoid undue burden and expense, the parties shall only be required to serve discovery materials upon the following counsel: James Pizzirusso (for direct purchasers); Susan G. Kupfer (for indirect purchasers); Matthew L. Dameron (for Associated Wholesale Grocers); Steven B. Andersen (for cooperative and certain grower defendants); Monte N. Stewart and Robert A. Rosenfeld (for certain grower defendants); William L. Greene (for R.D. Offutt Co.); Brian E. McGovern (for Ronald Offutt, Jr.); James A. Wilson (for Idahoan Foods, LLC); and Christopher E. Ondeck (for Potandon Produce L.L.C.).

3.  **Requests for Production:**

    a.  Class Plaintiffs (direct purchasers and indirect purchasers) and defendants have served their initial requests for production of documents upon one another. Any remaining disputes as to those productions shall be handled in accordance with Case Management Order No. 4.

    b.  Associated Wholesale Grocers will be provided with the requests for production of the Class Plaintiffs. Associated Wholesale Grocers has been

   provided with the search terms agreed with defendants as to those requests. If requested by Associated Wholesale Grocers, defendants shall provide it with copies of the documents produced to the Class Plaintiffs.

 c. Associated Wholesale Grocers shall serve by **August 30, 2013** any initial requests for production of documents upon the defendants. Defendants shall serve their responses and objections to Associated Wholesale Grocers' requests by **September 30, 2013**. Associated Wholesale Grocers' and defendants shall thereafter meet and confer with respect to any disagreements arising out of defendants' responses and objections. If Associated Wholesale Grocers and defendants cannot resolve their disagreements, Associated Wholesale Grocers will file a motion to compel by **October 31, 2013**. Such motion shall be governed by Local Rule 7.1, unless otherwise ordered by the Court.

 d. Defendants may serve their requests for production of documents upon Associated Wholesale Grocers by **August 30, 2013**. Associated Wholesale Grocers shall serve its objections and responses to defendants' requests by **September 30, 2013**. Associated Wholesale Grocers and defendants shall meet and confer with respect to any disagreements regarding these requests. If Associated Wholesale Grocers and defendants cannot resolve their disagreements, defendants will file a motion to compel by **October 31,**

          **2013**.  Such motion shall be governed by Local Rule 7.1, unless otherwise ordered by the Court.

4.    **E-Discovery Order:** On August 31, 2012, the Court entered the Order for the Discovery of Electronically Stored Information (Dkt. 238).  Associated Wholesale Grocers shall file, by **August 15, 2013**, any objections to the application and binding effect of that E-Discovery order to Associated Wholesale Grocers, to the discovery of Associated Wholesale Grocers and to any discovery produced by defendants in this action.  If no such objection is filed, the Court's August 31, 2012 E-Discovery order shall bind Associated Wholesale Grocers and its counsel of record in this action.

5.    **Preservation Order:**  On February 2, 2011, the Court entered the Preservation Order (Dkt. 61) governing the preservation of documents and electronically stored information in this litigation.  Associated Wholesale Grocers shall file, by **August 15, 2013**, any objections to the application and binding effect of that Preservation Order to Associated Wholesale Grocers.  If no such objection is filed, the Court's February 2, 2011 Preservation Order shall bind Associated Wholesale Grocers and its counsel of record in this action.  Associated Wholesale Grocers and defendants shall provide to all other parties, by **September 15, 2013**, their respective custodian lists and ESI information as described in Section III of the Preservation Order.

6. **Search Terms:** Within 30 days after responding to requests for production, the responding party shall serve the propounding party with a list of terms it plans to use to search for responsive electronic documents.  The parties shall have 30 days after each set of search terms is served to meet and confer in an effort to reach agreement on the list of search terms to be used.   Defendants reserve their right to oppose the imposition of any obligation to search their ESI using search terms not included in the list negotiated with the Class Plaintiffs, except for terms that would capture documents specifically related to Associated Wholesale Grocers.  If the parties cannot reach agreement regarding all search terms, they shall identify for the Court, within 10 days of the conclusion of the meet and confer process, the search terms upon which they agree and disagree, and each shall submit a brief memorandum regarding its position.

7. **Rolling Production:**  The parties shall begin to produce paper (non-electronic) documents on a rolling basis on the day they serve objections and responses to requests for production of documents. Electronic documents shall be produced on a rolling basis following determination, whether by agreement or by Court order, of search terms to be used in the document production at issue.  The production of documents responsive to the requests for production referenced in paragraph 3(c), above, will be substantially completed by **December 31, 2013**.

8. **Supplemental Discovery Requests.** In the event that the direct or indirect purchaser Plaintiffs or any defendant determines that it needs to serve additional

document requests upon on one another, such additional document requests may be served subject to the prior consent of the party to be served or, if such consent is not forthcoming, with leave of Court.  Associated Wholesale Grocers and defendants may serve supplemental or additional requests for the production of documents up until **November 29, 2013**, without the other party's consent or leave of the Court; thereafter, such supplemental requests shall require the consent of the party served or leave of the Court.  Any additional document requests must be served at least 60 days prior to the close of discovery.

9. **Interrogatories.** The parties may serve written interrogatories, as follows:

   a. Direct purchaser plaintiffs, as a group, may serve up to 35 interrogatories on each defendant;

   b. Indirect purchaser plaintiffs, as a group, may serve up to 35 interrogatories on each defendant;

   c. Associated Wholesale Grocers may serve up to 35 interrogatories on each defendant;

   d. Defendants, as a group, may serve up to 35 interrogatories on each direct purchaser plaintiff; and

   e. Defendants, as a group, may serve up to 35 interrogatories on the indirect purchaser plaintiffs as a group to be answered separately by each indirect purchaser plaintiff; and

  f. Defendants, as a group, may serve up to 35 interrogatories on Associated Wholesale Grocers.

The timing for answers and objections will be governed by Fed. R. Civ. P. 33.

10. **Merits Depositions.**  Depositions on the merits in the Class Plaintiffs' actions, including Rule 30(b)(6) depositions, shall continue.  Depositions on the merits of Associated Wholesale Grocers' employees or agents may commence on **January 1, 2014**.  Nothing in this paragraph or Case Management Order No. 5 shall preclude counsel for Associated Wholesale Grocers from participating in depositions that occur in the case prior to **January 1, 2014**.

11. **Third-Party Discovery.**  The parties may continue to serve third-party subpoenas for the production of documents and for depositions of third parties.  Third-party discovery will conclude at the close of merits discovery.

12. **Tag-along Actions:**  The Court deems that indirect purchaser plaintiffs have submitted to jurisdiction in Idaho.  Indirect purchaser plaintiffs have dismissed all tag along cases transferred under 28 U.S.C. § 1407 for multi-district litigation purposes.

13. **Discovery Motions:** Magistrate Judge Candy W. Dale will handle the bulk of discovery motions. She may conduct informal mediation, expedite the briefing schedule, and conduct hearings at her discretion.

14. **Monthly Status Conferences:** The Court will continue to conduct regularly scheduled telephone status conferences with counsel. The parties may designate a

limited number of attorneys to attend and speak for the parties at their discretion. The call in information is 877- 336-1828, access code 4685496, security code 2591. The Court will schedule the remaining conferences in a separate order.

15. **Completion of Fact Discovery:** Fact discovery shall conclude on **March 3, 2014.**

16. At the close of Fact Discovery, Associated Wholesale Grocers and Defendants will confer on a future schedule concerning additional dates in the Associated Wholesale Grocers case. After they confer, Associated Wholesale Grocers and Defendants will present a proposed schedule concerning future dates for the Court's consideration. The parties and the Court understand and anticipate that their proposed schedule will not extend the deadlines set forth in the remaining paragraphs of this Order, but rather will be a means of trying to avoid a stay of the Associated Wholesale Grocers matter. The parties and the Court may revisit this issue at a status conference a month or so before the March 2014 fact discovery cutoff date. The Court may also revisit whether Associated Wholesale Grocers, or any other party, should be allowed to pursue Capper-Volstead issues simultaneously with class certification motions.

17. **Class Certification Motions:**

    a. Direct and indirect purchaser class plaintiffs' Motions for Class Certification and Expert Reports in Support thereof are due on **April 17, 2014**.

b. Defendants' Opposition to Motions for Class Certification and Expert Reports in Support thereof are due on **August 15, 2014**.

c. Reply Memoranda, and any Expert Reports in Support thereof, are due on **November 14, 2014**.

18. **Merits Expert Discovery in the Direct and Indirect Purchaser Class Plaintiffs' Actions:**

a. Direct and indirect purchaser class plaintiffs shall disclose the experts intended to be called at trial on or before **January 22, 2015**. The disclosure must comply with Rule 26(a)(2).

b. Defendants may depose direct and indirect purchaser class plaintiffs' experts up until **March 5, 2015**.

c. Defendants shall disclose the experts intended to be called at trial as to the direct and indirect purchaser class plaintiffs' claims on or before **March 19, 2015**. The disclosure must comply with Rule 26(a)(2).

d. Direct and indirect purchaser class plaintiffs may depose Defendants' experts intended to be called at trial as to the direct and indirect purchaser class plaintiffs' claims up until **April 30, 2015**.

e. Direct and indirect purchaser class plaintiffs' shall disclose rebuttal experts on or before **May 14, 2015**. The disclosure must comply with Rule 26(a)(2).

    f.    Defendants may depose direct and indirect purchaser class plaintiffs' rebuttal experts up until **June 11, 2015**.

19.    **Dispositive Motions in the Direct and Indirect Purchaser Class Plaintiffs' Actions:**

    a.    Dispositive Motions in the direct and indirect purchaser class plaintiffs' actions shall be filed on **July 14, 2015**.

    b.    Response briefs to dispositive motions in the direct and indirect purchaser class plaintiffs' actions shall be filed on **September 15, 2015**.

    c.    Reply briefs in support of dispositive motions in the direct and indirect purchaser class plaintiffs' actions shall be filed on **October 15, 2015**.

20.    **Potandon's Counterclaim Against Associated Wholesale Grocers.** This Case Management Order No. 5, and the dates set forth herein, will also apply to the July 25, 2013 Counterclaim filed by Defendant-Counterclaim Plaintiff Potandon Produce L.L.C. against Plaintiff-Counterclaim Defendant Associated Wholesale Grocers, Inc. alleging violations of the Kansas Restraint of Trade Act, K.S.A. 50-101, et seq., except as noted in this paragraph:

    a.    Requests for Production relating to the Counterclaim shall be served by the parties in accordance with Paragraph 3(d) herein.

    b.    In addition to the written interrogatories governed by Paragraph 9, but pursuant to the same timing and schedule, the parties may serve additional written interrogatories as to the Counterclaim, as follows: (i) Potandon may

    serve up to 15 interrogatories on Associated Wholesale Grocers; and (ii) Associated Wholesale Grocers may serve up to 15 interrogatories on Potandon consistent with Paragraph 16.

c.     Associated Wholesale Grocers and Potandon will confer on a future schedule concerning additional dates in connection with Potandon's Counterclaim and, thereafter, present a proposed schedule concerning future dates for the Court's consideration.

DATED: October 1, 2013

B. Lynn Winmill  
Chief Judge  
United States District Court