UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION | Case No. 4:10-MD-2186-BLW<br><br>ORDER |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

# INTRODUCTION

The Court has before it certain defendants' objection to Magistrate Judge Dale's Order on a motion to compel (Dkt. 631). The Court requested that each side file a short brief addressing the objection. The parties complied, and the Court now issues the following decision.

# ANALYSIS

A District Judge has authority to review pretrial rulings by a Magistrate Judge under 28 U.S.C. § 636. Upon a party's timely objection to a Magistrate Judge's ruling, the District Judge may reverse the ruling if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(A). Here, Defendants timely objected to Magistrate Judge Dale's Order. (Dkt. 631).

The Court has reviewed Judge Dale's Order and the parties' briefs, and determined that Judge Dale's decision was not clearly erroneous or contrary to law. Contrary to Defendants' contention, Judge Dale decided the very issue presented to her – the scope and application of the parties' stipulation to waive the attorney/client privilege (Dkt. 494).

The issue was before Judge Dale after Plaintiffs argued that Defendants had refused to produce documents which should have been produced under the broad language of the parties' stipulation. Defendants justified their position by arguing that the stipulation was limited to documents reflecting defendants' belief that their conduct was lawful. Judge Dale determined that it was not. Upon review of the parties' stipulation, the parties' briefs, and an *in camera* review of documents potentially subject to the stipulation, Judge Dale determined that the stipulation was not so narrowly tailored. In turn, Judge Dale ordered Defendants to produce the documents cited in Appendix A, category 1, and to limit their claim of privilege by determining the "extremely limited set of documents, if any, to be withheld on the basis of the Court's order." Judge Dale Order at 15 (Dkt. 625).

Not only was Judge Dale's Order not clearly erroneous or contrary to law; it is in line with my own conclusions. Although I have not reviewed the *in camera* documents to a great extent, I have reviewed the briefs and the stipulation in detail. I agree with Judge Dale that "the privilege is waived with respect to all documents and communications touching upon these Defendants' organization under the antitrust laws, and specifically

Capper-Volstead, as well as the greater universe of communications concerning Defendants' conduct for which Defendants sought counsel's advice." Judge Dale Order at 12 (Dkt. 625). Disclosure of such documents is the only way to provide Plaintiffs with the context in which the advice was given. Accordingly, Defendants' Objection will be overruled.

## ORDER

**IT IS ORDERED:**

1. Defendants' Objection to Magistrate Judge Dale's Order (Dkt. 631) is **OVERRULED** and **DENIED**.

2. The Stipulation to Extend Deadline to File Motion to Compel Production of Documents from Jones Waldo Privilege Log is **GRANTED** as follows – the deadline for Plaintiffs to file a motion to compel production of documents from the Jones Waldo privilege log is extended until 30 days after Judge Dale issues her decision on the remaining portions of Plaintiffs Motion to Compel Production of Documents Identified on Defendants' Privilege Logs (Dkt. 539).

DATED: May 8, 2014

B. Lynn Winmill
Chief Judge
United States District Court