UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION | Case No. 4:10-MD-2186-BLW |
| THIS DOCUMENT APPLIES TO: ALL INDIRECT PURCHASER ACTIONS | |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

This matter comes before the Court upon Indirect Purchaser Plaintiffs' ("IPPs") Motion for Preliminary Approval of Class Action Settlement. The Parties have entered into a Settlement (the "Settlement Agreement") which, if approved, would resolve these coordinated indirect purchaser class action lawsuits. Upon review and consideration of the motion papers and the Settlement Agreement, and all exhibits, including the proposed forms of notice to the Classes and the proposed Claim Form, the Court finds that there is a sufficient basis for: (1) provisionally certifying the Classes for settlement purposes only and appointing Class Counsel and Plaintiffs to represent the Classes; (2) granting preliminary approval of the Settlement; (3) approving the proposed notice program as complying with due process and Rule 23; (4) approving the proposed plan of allocation and proposed claim form; and (5) setting a hearing (the "Final Approval" hearing), at which the Court will consider: (a) whether to grant final approval of the Settlement; (b) Class Counsel's application for attorneys' fees and costs; and (c) any request for service awards for the Class Representatives.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the parties to the Settlement Agreement, including all members of the IPP Classes, the Plaintiffs and Defendants, and any person or entity claiming by, for, or through the settling parties with regard to the Released Claims.

2. This Order of Preliminary Approval incorporates the Settlement Agreement. The terms used in this Order shall have the meanings and/or definitions given to them in the Settlement Agreement, as submitted to the Court with IPPs' Motion for Preliminary Approval of Class Settlement.

3. This action is provisionally certified as a class action, for the purposes of settlement only, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), 23(b)(3), and 23(e). The Classes are defined as follows:

> <u>Injunction Class</u>: All individuals and entities who purchased fresh potatoes from retailers in Arizona, California, Florida, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Nevada, New York, North Carolina, Tennessee, Vermont, and Wisconsin for end use and not for resale, between October 14, 2004 and April 10, 2015.
>
> <u>Monetary Relief Class</u>: All individuals and entities who purchased fresh potatoes from retailers in Arizona, California, Florida, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Nevada, New York, North Carolina, Tennessee, Vermont, and Wisconsin for end use and not for resale, between October 14, 2004 and April 10, 2015.

Excluded from each Class are Defendants, their alleged co-conspirators, all present or former parents, predecessors, subsidiaries or affiliates of Defendants, all governmental entities, and any judicial officer to whom this case is assigned.

4. For purposes of settlement and on the basis of the entire record before the Court, the Court finds that the Classes fully comply with the requirements of Federal Rule of Civil Procedure 23. Specifically, the Court finds: (1) the Classes are so numerous that joinder of all

members is impracticable; (2) there are questions of law or fact common to the Classes; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the Classes; and (4) the representative parties will fairly and adequately protect the interests of the Classes.  Additionally, for purposes of settlement, the Court finds that the Defendants "acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." *See* Fed. R. Civ. P. 23(b)(2).  Federal Rule of Civil Procedure 23(b)(3) is also met and there are questions of law or fact common to class members which predominate over any questions affecting only individual members.  Additionally, a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

    5.   Certification of the Classes shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

    6.   Without prejudice to Final Approval, the Settlement is preliminarily approved as being within the range of reasonableness.  The Court specifically finds that the Settlement resulted from serious and informed arms-length negotiations, provides meaningful relief to the Classes, and is not preferential to the class representatives or segments of the Classes.

    7.   The Settlement is sufficient to warrant dissemination of Notice of the Settlement and of the Final Approval hearing to the Settlement Classes.

    8.   The Court finds that Plaintiffs Jonathan Rizzo; Trang Nguyen; Kelly Tschantz; John Brashears; Jeffrey Keel; Crystal Tschantz; Gary Tschantz; BreAnne Krabbenhoft; Paul Langer; Kory Pentland; Abigail Rizzo; Julie Ewald; Brendan Farrell; Robert Finch; Benedetto DiLorenzo; Suzy Ivey McCrory; Jeff Potvin; Navtej Bhandari; and Joyce Rizzo have fairly and

adequately represented the interests of the Classes and satisfy the requirements to be Class Representatives.

9. Pursuant to Federal Rule of Civil Procedure 23(g), Milberg LLP and Glancy Prongay & Murray LLP, previously appointed by the Court as Interim Class Counsel for IPPs, are appointed Class Counsel. These firms have, and will, fairly and competently represent the interests of the IPP Classes.

10. A Final Approval hearing shall be held on December 3, 2015 at 3:30 p.m., before the Honorable B. Lynn Winmill in Courtroom 3 of the United States District Court for the District of Idaho, located in Boise, ID. At the Final Approval hearing, the Court will consider:

    a. the fairness, reasonableness, and adequacy of the Proposed Settlement, including timely objections, if any;

    b. whether the Court should grant its final approval to the Settlement;

    c. the application of Class Counsel for an award of attorneys' fees and expenses;

    d. the application of service awards to the Class Representatives; and

    e. such other matters as the Court may deem proper and necessary.

11. The Court approves KKC as the Claims Administrator and authorizes Kurtzman Carson Consultants ("KCC") to perform the duties set for in the Settlement Agreement regarding settlement administration.

12. The Notices of Proposed Class Action Settlement and Claim Form are attached to the Declaration of Daniel Rosenthal in Support of Indirect Purchaser Plaintiffs' Settlement Notice Plan as Exhibits 1, 2, and 4, respectively. The Class Notices and Claim Form are approved in substantially the same form for the purpose of notifying the Classes about the proposed

Settlement, the nature of the claims and releases at issue, the rights of Class Members, and the Final Approval hearing.  The Court finds that it is the best notice practicable, and is reasonably calculated to inform Class Members about the nature and principal terms of the litigation and the Settlement Agreement, including the injunctive and monetary relief the Settlement will provide to members of the class, the procedures and deadlines for opting out or submitting objections to the Settlement, the consequences of acting or failing to act on the available options, and the date, time, and place of the Final Approval Hearing.  In addition, the Class Notice is sufficient to inform Class Members of IPPs' application for attorneys' fees and expenses, and IPPs' application for service awards to the Class Representatives.

13. The Class Notice period shall commence on July 2, 2015.  The Claims Administrator shall cause the Notices to be published in accordance with the proposed Notice Program stated in the Declaration of Daniel Rosenthal.  Class Counsel is authorized to withdraw the costs and expenses associated with the dissemination of Class Notice and the fees of the Claims Administrator from the Settlement Fund, consistent with the parties' agreement.

14. In connection with IPPs' filing of their Motion for Final Approval, the Claims Administrator shall provide a declaration for the Court, copying Class Counsel, attesting to the measures undertaken to provide Class Notice.

15. Settlement Class Members who intend to object to the fairness, reasonableness, and adequacy of the Settlement must send a letter to the Claims Administrator containing the objections to the proposed Settlement.  Objections must be postmarked no later than October 16, 2015 to the following address: Potatoes Antitrust Case Claims Administrator, c/o KCC Class Action Services, ATTN: Indirect Purchaser Exclusion/Objection, 75 Rowland Way, Suite 250, Novato, CA 94945.  The letter must include:

- The Class Member's name, address, and telephone number;

- A statement saying that there is an objection to the settlement in *In re Fresh and Process Potatoes Antitrust Litigation,* D. Idaho Case No. 4:10-MD-2186-BLW;
- A statement that fresh potatoes were purchased from a retailer in one of the Class Jurisdictions between October 14, 2004 and April 10, 2015;
- A detailed statement of objections, including the grounds for your objections, together with any supporting documents;
- The name, address, and telephone number of any lawyer assisting the objector;
- A "Notice of Intent to Appear" if the Class Member or the Class Member's attorney intends to appear at the Fairness Hearing; and
- The Class Member' signature.

16. Class Members with who wish to appear at the Final Approval hearing must submit a writing stating that it is his or her "Notice of Intent to Appear in *In re Fresh and Process Potatoes Antitrust Litigation,* MDL No. 2186." The written request must include the Class Member's name, address, telephone number, and signature. A Notice of Intent to Appear must be postmarked no later than October 16, 2015 and must be sent to:

Potatoes Antitrust Case Claims Administrator,

c/o KCC Class Action Services,

ATTN: Indirect Purchaser Exclusion/Objection,

75 Rowland Way, Suite 250,

Novato, CA 94945

17. Settlement Class Members may elect to exclude themselves from the Settlement Agreement, relinquishing their rights to any and all benefits under the Settlement Agreement. Settlement Class members who exclude themselves from the Settlement will not release their claims pursuant to the Release set forth in the Settlement Agreement. A Settlement Class

member wishing to exclude himself or herself from the Settlement must fully comply with all terms and conditions set forth in the Class Notice. Any request for exclusion must be in writing and postmarked no later than October 16, 2015 and sent to the Potatoes Antitrust Case Claims Administrator at the address in Paragraph 16. The request for exclusion must state:

- The Class Member's name, address, and telephone number;
- A statement that the Class Member wants to be excluded from the Settlement Class(es); and
- The Class Member's signature.

Any Settlement Class Member who fails to submit a valid and timely request for exclusion shall be bound by all terms of the Settlement Agreement and the Final Order of Judgment.

18. Any Settlement Class Member who submits a timely request for exclusion may not file an Objection to the Settlement and shall be deemed to have waiver any rights or benefits under the Settlement Agreement.

19. The Court will hold a Final Approval hearing on December 3, 2015 at 3:30 p.m.. Class Counsel shall file their Application for Attorney's Fees and Costs and Service Awards for Class Representatives by August 28, 2015. Class Counsel shall file their Motions for Final Approval and all supporting papers by November 27, 2015.

20. If the Court declines to approve the Settlement Agreement or if such approval is modified or set aside on appeal, or if the Court does not enter Final Judgment as provided for in the Settlement Agreement, or if the Court enters the Final Judgment and appellate review is sought and, on such review, the Final Judgment is not affirmed, then each party has, in its sole discretion, the option to rescind the Settlement Agreement within ten (10) business days of the action giving rise to such option.

21. For the benefit of the Settlement Classes and to protect the Court's jurisdiction, the Court retains continuing jurisdiction over the Settlement proceedings to ensure their effectuation.

22. The parties are directed to carry out their obligations under the Settlement Agreement.

IT IS SO ORDERED.

DATED: June 17, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court