IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION | Case No. 4:10-MD-2186-BLW |
| THIS DOCUMENT RELATES TO: *Direct Purchaser Plaintiff Action* | |

**ORDER**
**GRANTING FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT BETWEEN DEFENDANTS AND DIRECT PURCHASER PLAINTIFFS, PROVIDING FOR ENTRY AND ENFORCEMENT OF CONSENT ORDER, AND APPROVING THE PROPOSED PLAN OF ALLOCATION AND DISTRIBUTION**

It is hereby **ORDERED AND DECREED** as follows:[1]

1. The motion of Direct Purchaser Class Plaintiffs for final approval of the proposed Settlement Agreement between Direct Purchaser Plaintiffs and all Defendants[2] executed on April 10, 2015 (ECF No. 829-2) ("DPP Settlement Agreement") (Dkt. 888) is hereby **GRANTED**.

---

[1] All capitalized terms in this Order shall have the meaning ascribed to them in the DPP Settlement Agreement unless otherwise provided herein.

[2] Defendants in this action are: Albert T. Wada; Wada Farms, Inc.; Wada Family, LLC; Wada Farms Potatoes, Inc.; Wada Farms Marketing Group, LLC; Wada-Van Orden Potatoes, Inc., Pro Fresh LLC; Cedar Farms, LLC, Blaine Larsen Farms, Inc.; Cornelison Farms, Inc.; Michael Cranney d/b/a/ Cranney Farms; Driscoll Potatoes, Inc.; Idahoan Foods LLC; Kim Wahlen; KCW Farms, Inc.; Lance Funk d/b/a Lance Funk Farms; Pleasant Valley Potato, Inc.;

2. The Fairness, Reasonableness, and Adequacy of the DPP Settlement Agreement. On the basis of the entire record before the Court, including a review of the motion papers and accompanying exhibits and declarations, the Plan for and Forms of Notice of the DPP Settlement Agreement to the Class and declarations submitted in connection therewith, and a full fairness hearing on December 3, 2015, the Court finds that the proposed DPP Settlement Agreement is sufficiently fair, reasonable, and adequate to the following settlement classes, certified for settlement purposes only:

**Monetary Relief Settlement Class:**
All persons and entities who, between June 18, 2006 and the date on which the Court enters an order preliminarily approving the Settlement and certifying the Class for settlement purposes, directly purchased Fresh Potatoes grown in the United States, other than Specialty Potatoes, from: (1) any Defendant or any parent, subsidiary or affiliate thereof; (2) any member of the cooperative members of United Potato Growers of America, or any parent, subsidiary or affiliate thereof; and any member of the United Potato Growers of Idaho, Inc., or any parent, subsidiary, or affiliate thereof; and (3) any entity that packed or marketed fresh potatoes grown by any Defendant, by any member of United Potato Growers of Idaho, Inc., or by any member of the cooperative members of United Potato Growers of America.

**Injunctive Relief Settlement Class:**
All persons and entities who, between June 18, 2006 and the date on which the Court enters an order preliminarily approving the Settlement and certifying the Class for settlement purposes, directly purchased Fresh Potatoes grown in the United States, other than Specialty Potatoes, from: (1) any Defendant or any parent, subsidiary or affiliate thereof; (2) any member of the cooperative members of United Potato Growers of America, or any parent, subsidiary or affiliate thereof; and any member of the United Potato Growers of Idaho, Inc., or any parent, subsidiary, or affiliate thereof; and (3) any entity that packed or marketed fresh potatoes grown by any Defendant, by any member of United Potato Growers of Idaho, Inc., or by any member of the cooperative members of United Potato Growers of America.

**Excluded from these Classes are:**

---

Potandon Produce L.L.C.; Raybould Brothers Farms, LLC; Ronald D. Offutt Jr.; RD Offutt, Co.; Rigby Produce, Inc.; Snake River Plains Potatoes, Inc.; United Potato Growers of America, Inc.; United Potato Growers of Idaho, Inc.; and United II Potato Growers of Idaho, Inc.

Defendants and their Co-Conspirators, including, but not limited to, any member of United Potato Growers of Idaho, Inc. and United II, the members of the United Potato Growers of America, Inc., and any member of the cooperative members of United Potato Growers of America, Inc., and their respective subsidiaries, affiliates and members; any entity that packed or marketed fresh potatoes grown by any Defendant, by any member of United Potato Growers of Idaho, Inc., any member of United II Potato Growers of Idaho, Inc., and by any member of the cooperative members of United Potato Growers of America, Inc., and their respective parents, subsidiaries, affiliates and members; and any governmental entities.

Specifically, the Court finds that the settlement is entitled to an initial presumption of fairness because the settlement negotiations were undertaken at arm's-length during the course of more than a year by experienced antitrust counsel who entered the negotiations with sufficient background as to the facts of the case. Further, the settlement is fair, reasonable, and adequate given: (1) the complexity, expense, and likely duration of the litigation, the stage of proceedings, and the costs and risks involved with proceeding through class certification and trial, balanced against the Settlement Amount and the value of the injunctive relief secured; (2) the completion of all fact discovery before the Settlement Agreement was negotiated; (3) the views of Settlement Class Counsel, experienced in both prosecuting and settling class actions; and (4) the reaction of the class—with only six class members excluding themselves from the Settlement and only one objection filed, which has since been withdrawn. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

3.     **Certification of the Settlement Classes.** As previously set forth in the Court's Order preliminarily approving the DPP Settlement Agreement (ECF No. 841), and on the basis of the entire record before the Court, the Court finds that the Settlement Classes fully comply with the requirements of Federal Rule of Civil Procedure 23. Specifically, the Court finds: (1) the members of the Settlement Classes are so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Settlement Classes; (3) the

claims or defenses of the representative parties are typical of the claims or defenses of the Settlement Classes; and (4) the representative parties will fairly and adequately protect the interests of the class. Additionally, for purposes of settlement, the Court finds that Federal Rule of Civil Procedure 23(b)(3) is satisfied because there are questions of law or fact common to class members which predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The Court makes no determination concerning the manageability of this action as a class action if the matter were to go to trial. *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997).

    4.    **Notice to the Settlement Classes.** The Court finds that the Notice Plan and Forms of Notice previously approved by the Court as the best notice practicable under the circumstances and comporting with due process were implemented by Settlement Class Counsel and the Claims Administrator in accordance with the Court's Preliminary Approval Order (ECF No. 841) and constituted valid, due, and sufficient notice to all persons entitled thereto.

    5.    **Allocation & Distribution of the Net Settlement Fund.** The Plan for Allocation and Distribution proposed by Settlement Class Counsel in their supporting Final Approval papers is hereby **APPROVED**:

    a. The Court finds the proposed allocation and distribution of the Net Settlement Fund among the Monetary Relief Settlement Class to be fair, reasonable, and adequate and in the best interests of Direct Purchaser Plaintiffs and the Settlement Class as a whole and the Settlement Class Members.

    b. The Court directs the Claims Administrator to make payments from the Net Settlement Fund to Settlement Class Members that submitted verified claims for qualifying purchases of Fresh Potatoes and who did not timely and validly exclude

themselves from the Settlement in an amount equal to each such Settlement Class Member's pro rata share of the Net Settlement Fund based on the dollar value of each class member's total qualifying purchases compared to the total dollar value of all qualifying purchases by all Settlement Class Members submitting verified claims, or a total sum of $25.00, whichever is greater.

c. Settlement Class Counsel and the Claims Administrator are authorized to pay from the Net Settlement Fund otherwise valid claims by verified claimants for qualified purchases under the DPP Settlement Agreement and Monetary Relief Class Definition that were submitted after the October 16, 2015 deadline for submission of Claim Forms.

d. Settlement Class Counsel and Defendants (unanimously) may mutually agree to allow Settlement Class Members that have timely excluded themselves from the DPP Settlement Agreement to rescind such exclusions up to the point of distribution of the Net Settlement Amount to the Settlement Class.

e. No person shall have any claim against the Settlement Class Representatives, Settlement Class Counsel, the Settlement Executive Committee, Defendants, or Defendants' counsel based on distributions made substantially in accordance with this Allocation Order and the orders of this Court.

6. **Payment to the Claims Administrator.** The Court authorizes Settlement Class Counsel to cause to be paid to the Claims Administrator up to $125,000 from the Settlement Amount for Notice and Claims Administration costs, inclusive of any amounts owing to the Claims Administrator included in cost reimbursement sought in Direct Purchaser Plaintiffs' Motion for an Award of Attorneys' Fees, Reimbursement of Litigation Costs, and Incentive Awards to Class Representatives (ECF Nos. 869 & 869-2, Ex. B).

7. **Entry of the Consent Order.** The Parties have negotiated certain prescriptive rules of conduct contained in the Consent Order, annexed as Exhibit F to the Settlement Agreement (ECF No. 829-2), and also annexed hereto as Exhibit 1.  The Parties agree to entry of the Consent Order by the Court and to the Court's continuing exercise of jurisdiction over enforcement of its terms for the period contained therein.

8. **Release and Discharge.** Upon Final Approval of the DPP Settlement Agreement, Releasees shall be completely released, acquitted, and forever discharged from any and all Released Claims, as set forth in paragraphs 30 through 32 of the DPP Settlement Agreement. Notwithstanding anything in this Paragraph, Released Claims shall not include Excepted Claims as provided in paragraph 33 of the DPP Settlement Agreement.

9. **Jurisdiction.** The United States District Court for the District of Idaho shall retain jurisdiction over the implementation, enforcement, and performance of the Settlement Agreement and the Consent Order, and shall have exclusive jurisdiction over any suit, action, motion, proceeding, or dispute arising out of or relating to the Agreement or the applicability of the Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Defendants. The Agreement shall be governed by and interpreted according to the substantive laws of the State of Idaho without regard to its choice of law or conflict of laws principles. All Defendants submit to the jurisdiction in the District of Idaho only for the purposes of the Settlement Agreement and the implementation, enforcement and performance thereof.

10. **Final Judgment.** Upon entry of the Consent Order accompanying this Order, the claims alleged and sought in this matter by Direct Purchaser Plaintiffs against Defendants are hereby **DISMISSED** with prejudice in accordance with Fed. R. Civ. P. 54(b). Final judgment is

entered in favor of all Defendants and, except as explicitly provided for in the DPP Settlement Agreement, each party shall bear its own costs and attorneys' fees.

**IT IS SO ORDERED.**

DATED: December 14, 2015

B. Lynn Winmill
Chief Judge
United States District Court