# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO
EASTERN DIVISION

IN RE: FRESH AND PROCESS )
POTATOES ANTITRUST LITIGATION ) Case No. 4:10-MD-02186-BLW-CWD
)
THIS DOCUMENT RELATES TO: ) MDL No. 2186
*Direct and Indirect Purchaser Plaintiff* )
*Actions* ) **CONSENT ORDER**
)
)

  This agreement for the entry of an order by consent of the undersigned parties, upon judicial approval ("Consent Order"), is entered into as of this 10th day of April, 2015, by Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs (collectively, "Plaintiffs") and by Defendants[1] in connection with the proposed settlements of those direct and indirect purchaser class actions pending before the United States District Court for the District of Idaho (the "Court") for pretrial purposes under the heading *In re Fresh and Process Potatoes Antitrust Litigation* (the "Actions").

  **Whereas**, Plaintiffs and Defendants have entered into agreements to settle the Actions ("Settlements") that they intend to present to the Court for preliminary and final approval in order to fully and finally resolve the Actions;

  **Whereas**, the Settlements release Defendants and their past and present officers, directors, employees, agents, insurers, attorneys, shareholders, joint venturers, partners and

---

[1] Except as otherwise provided herein, capitalized terms used in this Consent Order shall have the meaning ascribed to them in the Settlements.

1

representatives; the past and present cooperative members of United Potato Growers of America, Inc. ("UPGA") and the potato-grower members of UPGA's cooperative members, and the past and present potato-grower members of United Potato Growers of Idaho, Inc. and United II Potato Growers of Idaho, Inc.; and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, from current and future liability for claims demands, actions, suits and causes of action arising in whole or part from the facts and/or actions described in the Complaints, as specified by the Settlements;

**Whereas**, a material term of the Settlements and the release provided therein is entry of this Consent Order;

**Whereas**, Plaintiffs recognize and acknowledge that 7 U.S.C. § 291 and similar state and federal statutes permit, subject to certain conditions, persons engaged in the production of agricultural products to act together in associations and to engage in certain conduct, as permitted by such statutes, including collectively processing, preparing for market, handling and marketing the products of such producers, and that such associations may have marketing agencies in common to the extent permitted by law;

By entering into this Consent Order, Defendants do not admit that they, or any of them, have, in the past or at present violated any federal or state antitrust statute or other law or have engaged in any of the conduct that is enjoined under this Consent Order, but in fact deny that all or some of them have done so, and Plaintiffs do not admit that Defendants' conduct was lawful under federal and state antitrust statute or other law. However, Defendants and Plaintiffs agree to the limited provisions of this Consent Order in order to resolve this litigation.

**DEFINITIONS**

1. For purposes of this Consent Order only, "Co-op Defendant" means United Potato Growers of Idaho, Inc.; United II Potato Growers of Idaho, Inc.; or United Potato Growers of America ("UPGA"), and any constituent organization that is a member or affiliate of United Potato Growers of America. Collectively, they are referred to as "Co-op Defendants."

2. For purposes of this Consent Order only, "Successor Entity" means any membership association of potato growers relating to the production, marketing, handling or preparing for market of potatoes and in which a majority of members, or a majority of the members of the Board of Directors (or other governing body), are subject to this Consent Order. For purposes of clarification, this term does not include existing cooperatives that are not affiliated with the Co-op Defendants.

3. For purposes of this Consent Order only, "Fresh Potatoes" means potatoes planted with the intention that they will be sold into the fresh market or for fresh consumption in the United States.

**DEFENDANTS AND PLAINTIFFS AGREE AS FOLLOWS:**

4. Releasees that are producers of potatoes, Cooperative Defendants, and each of them, are hereby prohibited, restrained, and enjoined from entering into any agreement, either directly or indirectly through any other entity, with or among producers of potatoes, whether oral or written, tacit or express, setting the number of acres that any producer of potatoes will plant to Fresh Potatoes or otherwise setting the volume or amount of potatoes that any producer of Fresh Potatoes will plant or grow.

5. UPGA shall register to do business as a cooperative in the States of Arizona, California, Florida, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Nevada, New York, North Carolina, Tennessee, Vermont, and Wisconsin.

6. Co-op Defendants and any Successor Entity shall adopt rules requiring any applicant for membership, any grower member, or any associate or other type of member (whether voting or non-voting), and any agent thereof, to agree to the terms of this Consent Order so long as it remains in effect and that person[2] is a member of a Co-op Defendant or any Successor Entity.

7. The Co-op Defendants and any Successor Entity shall work with qualified antitrust compliance counsel of their choosing to review their existing and any proposed polices, rules, practices, and procedures to ensure their compliance with applicable law and the provisions of this Consent Order.

8. Per this Consent Order, Releasees shall adhere to all applicable state and federal antitrust laws including 15 U.S.C. §§ 1–7; 7 U.S.C. §§ 291-292; 15 U.S.C. § 17; 12 U.S.C. §1141; and 7 U.S.C §455 with respect to all of their potatoes grown and/or sold in the United States.

9. Except as otherwise specifically provided herein, and subject to the provisions of paragraphs 8, nothing in this Consent Order is intended to prohibit any Co-op Defendant, or any Successor Entity, or any member thereof through any Co-op Defendant or Successor Entity, from: (a) exchanging information regarding past production; (b) with respect to potato crops that

---

[2] For purposes of this Consent Order, "person" refers to legal persons, and includes natural and juridical persons, including but not limited to, corporations, associations (whether incorporated or unincorporated), partnerships, joint ventures.

4

have already been planted, exchanging information about actual or anticipated yields, production, varieties, estimated overall acreages or weather; (c) collecting and disseminating statistical, economic or other similar market information on past crops; (d) sharing publicly available information; (e) publishing aggregate supply and demand forecasts, including advisories regarding the extent to which supply will fail to meet or will exceed demand at particular production levels; (f) to the extent permitted by 7 U.S.C. § 291 and state law, the collective marketing, pricing, preparing for market, processing, or handling, potatoes by a registered cooperative; and (g) in the case of a producer member of a Co-op Defendant or any Successor Entity, operating a packing shed or processing facility, directly or through affiliated entities, so long as at least 50% of the potatoes packed or processed by the producer's shed or facility are potatoes grown by that producer or affiliates. Provided, however, that this paragraph does not confer on Releasees safe harbor from liability arising from conduct that, in conjunction or connection with the conduct described in parts (a) through (g) of this paragraph, violates state or federal antitrust laws.

    10.    The provisions of this Consent Order shall come into effect and be binding on Releasees upon execution of the Settlement and shall remain in effect thereafter for a period of seven years unless the Settlement is not preliminarily or finally approved by the Court or the Court's order finally approving the Settlement or its entry of final judgment is overturned on appeal, in which event the Consent Order shall no longer continue in effect or be binding on Defendants. Prior to the expiration of the Consent Order, any Defendant or other Releasee bound by this Consent Order may petition the Court to, subject to notice and hearing, modify or rescind the provisions of this Consent Order based on any intervening legislative change materially affecting the provisions of this Consent Order or a decision of the United States

Supreme Court or of a United States Court of Appeals interpreting any statutes pertaining to the lawfulness of the conduct described herein. At any other time following entry of an order by the Court finally approving the Settlement and the time for appeal having elapsed, this Consent Order may be modified or rescinded by written agreement of all parties, subject to notice, hearing, and approval by the Court. In determining whether to modify or rescind this Consent Order, or portions thereof, the Court shall consider whether the proposed modification is consistent with the terms of applicable law, including any decision of the United States Supreme Court or of a United States Court of Appeals and with the public interest. Any decision granting or refusing to grant such a modification shall be deemed to be a determination granting or refusing to grant an injunction within the meaning of 28 U.S.C. § 1292(a).

11. This Consent Order is binding upon Defendants and other Releasees as a condition of being released in this Action as provided for in the Settlement and is contingent upon Final Approval.

**IT IS SO ORDERED.**

Dated: 12/14/15

_____
Hon. B. Lynn Winmill
UNITED STATES DISTRICT COURT JUDGE

**STIPULATED AND AGREED TO BY:**

Dated: 4/10/2015

_____
James J. Pizzirusso, Esq.
HAUSFELD LLP
1700 K Street, N.W, Suite 650
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

jpizzirusso@hausfeldllp.com

*Chair of the Plaintiffs' Executive Committee on behalf of all Counsel for Direct Purchaser Plaintiffs and the Proposed DPP Class*

Dated: April 10, 2015

Paul F. Novak
MILBERG LLP
One Kennedy Square
777 Woodward Avenue, Suite 890
Detroit, MI 48226
Tel: (313) 309-1760
Fax: (313) 447-2038

*On behalf of all Counsel for Indirect Purchaser Plaintiffs and the Proposed IPP Class*

Dated: _____

Steven B. Andersen
Andersen Banducci PLLC
101 S. Capital Blvd., Suite 1600
Boise, ID 83702
Tel: (208) 342-4411
Fax: (208) 342-4455
sba@andersenbanducci.com

*On behalf of Albert T. Wada; Wada Farms, Inc.; Wada Farms Potatoes, Inc.; Wada-Van Orden Potatoes, Inc.; Wada Farms Marketing Group, LLC; Wada Family LLC; Pro Fresh LLC; Cedar Farms, Inc.; Michael Cranney d/b/a Cranney Farms; Cornelison Farms, Inc.; Snake River Plains Potatoes, Inc.; Lance Funk d/b/a Lance Funk Farms; Raybould Brothers Farms LLC; Pleasant Valley Potato, Inc.; KCW Farms, Inc.; Kim Wahlen d/b/a Kim Wahlen Farms; United Potato Growers of Idaho, Inc.; United Potato Growers of America, Inc.; and United II Potato Growers of Idaho, Inc.*

jpizzirusso@hausfeldllp.com

*Chair of the Plaintiffs' Executive Committee on behalf of all Counsel for Direct Purchaser Plaintiffs and the Proposed DPP Class*

Dated: _____

_____
Paul F. Novak
MILBERG LLP
One Kennedy Square
777 Woodward Avenue, Suite 890
Detroit, MI 48226
Tel: (313) 309-1760
Fax: (313) 447-2038

*On behalf of all Counsel for Indirect Purchaser Plaintiffs and the Proposed IPP Class*

Dated: 4-10-15

_____
Steven B. Andersen
Andersen Banducci PLLC
101 S. Capital Blvd., Suite 1600
Boise, ID 83702
Tel: (208) 342-4411
Fax: (208) 342-4455
sba@andersenbanducci.com

*On behalf of Albert T. Wada; Wada Farms, Inc.; Wada Farms Potatoes, Inc.; Wada-Van Orden Potatoes, Inc.; Wada Farms Marketing Group, LLC; Wada Family LLC; Pro Fresh LLC; Cedar Farms, Inc.; Michael Cranney d/b/a Cranney Farms; Cornelison Farms, Inc.; Snake River Plains Potatoes, Inc.; Lance Funk d/b/a Lance Funk Farms; Raybould Brothers Farms LLC; Pleasant Valley Potato, Inc.; KCW Farms, Inc.; Kim Wahlen d/b/a Kim Wahlen Farms; United Potato Growers of Idaho, Inc.; United Potato Growers of America, Inc.; and United II Potato Growers of Idaho, Inc.*

7

Dated: 4/10/15

~~Robert H. Rosenfeld~~ STEPHEN V. BOMSE
Orrick Herrington & Sutcliffe
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-4190
Fax: (415) 773-5759
rrosenfeld@orrick.com

*On behalf of Blaine Larsen, Blaine Larsen Farms, Inc.; Driscoll Potatoes, Inc.; and Rigby Produce, Inc.*

Dated: _____

James A. Wilson
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-5606
Fax: (614) 719-5039
jawilson@vorys.com

*On behalf of Idahoan Foods LLC*

Dated: _____

Christopher E. Ondeck
PROSKAUER ROSE LLP
1001 Pennsylvania Ave, N.W.
Suite 600 South
Washington, DC 20004-2533
Tel: (202) 416-5865
Fax: (202) 416-6899
condeck@proskauer.com

*On behalf of Potandon Produce L.L.C.*

8

Dated: _____

                                                          Robert A. Rosenfeld
                                                          Orrick Herrington & Sutcliffe
                                                          405 Howard Street
                                                         San Francisco, CA 94105-2669
                                                         Tel: (415) 773-4190
                                                         Fax: (415) 773-5759
                                                         rrosenfeld@orrick.com

                                                         *On behalf of Blaine Larsen Farms, Inc.;*
                                                         *Driscoll Potatoes, Inc.; and Rigby Produce,*
                                                         *Inc.*

Dated: Apr. 10, 2015

                                                         James A. Wilson
                                                         VORYS SATER SEYMOUR
                                                         & PEASE LLP
                                                         52 East Gay Street
                                                         Columbus, OH  43215
                                                         Tel: (614) 464-5606
                                                         Fax: (614) 719-5039
                                                         jawilson@vorys.com

                                                         *On behalf of Idahoan Foods LLC*

Dated: _____

                                                         Christopher E. Ondeck
                                                         PROSKAUER ROSE LLP
                                                         1001 Pennsylvania Ave, N.W.
                                                         Suite 600 South
                                                         Washington, DC 20004-2533
                                                         Tel: (202) 416-5865
                                                         Fax: (202) 416-6899
                                                         condeck@proskauer.com

                                                         *On behalf of Potandon Produce L.L.C.*

8

Dated: _____

Robert A. Rosenfeld
Orrick Herrington & Sutcliffe
405 Howard Street
San Francisco, CA 94105-2669
Tel: (415) 773-4190
Fax: (415) 773-5759
rrosenfeld@orrick.com

*On behalf of Blaine Larsen Farms, Inc.; Driscoll Potatoes, Inc.; and Rigby Produce, Inc.*

Dated: _____

James A. Wilson
VORYS SATER SEYMOUR
& PEASE LLP
52 East Gay Street
Columbus, OH 43215
Tel: (614) 464-5606
Fax: (614) 719-5039
jawilson@vorys.com

*On behalf of Idahoan Foods LLC*

Dated: ____April 10, 2015_____

*/s/ Chris Ondeck*

Christopher E. Ondeck
PROSKAUER ROSE LLP
1001 Pennsylvania Ave, N.W.
Suite 600 South
Washington, DC 20004-2533
Tel: (202) 416-5865
Fax: (202) 416-6899
condeck@proskauer.com

*On behalf of Potandon Produce L.L.C.*

8

Dated: April 10, 2015

Brian M. McGovern /RAM
Brian M. McGovern
MCCARTHY, LEONARD &
KAEMMERER, L.C.
825 Maryville Centre Drive, Ste. 300
Town and Country, MO 63017-5946
Tel: (314) 392-5200
Fax: (314) 392-5221
bmcgovern@mlklaw.com

*On behalf of R.D. Offutt Co. and Ronald D. Offutt, Jr.*

9