UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION | Case No. 4:10-MD-2186-BLW |
| THIS DOCUMENT APPLIES TO:<br><br>ALL INDIRECT PURCHASER ACTIONS | |

## FEE AND EXPENSE ORDER

This Matter came before the Court on Indirect Purchaser Plaintiffs' ("IPPs") Motion for Attorneys' Fees, Reimbursement of Expenses, and Payment of Class Representative Service Awards (the "Motion for Fees"), in connection with the settlement of this litigation (the "Settlement"). The Settlement received Preliminary Approval from the Court on June 17, 2015 and a hearing on Final Approval and this Motion for Fees was scheduled for December 3, 2015 at 3:30 p.m. The Court, having considered IPPs' Motion for Fees and the memorandum and declarations in support thereof, and after a duly noticed hearing, hereby finds that:

1. The Motion for Fees on behalf of IPPs' counsel ("Class Counsel"), in accordance with Settlement Agreement Between Indirect Purchaser Plaintiffs' Classes and All Defendants, seeks (i) an award of attorneys' fees of $1.65 million, equating to 30% of the $5.5million settlement fund (the "Settlement Fund"); (ii) reimbursement of $967,883.58 in unreimbursed attorneys' litigation costs and expenses; and (iii) service awards for each named class representative (the "Named Plaintiffs") in the amount of $1,000.

2. The amount of attorneys' fees requested is fair and reasonable under the "percentage-of-the-fund" method. This is confirmed by a lodestar "cross-check," which reveals

Class Counsel are seeking less than 13% of the collective lodestar expended by attorneys litigating the case on behalf of the IPP Class (the "Class").

3. The attorneys' fees requested were entirely contingent upon success. Class Counsel risked time and effort and advanced significant costs and expenses with no ultimate guarantee of compensation. The award of 30% of the Settlement Fund is warranted for reasons set out in Class Counsel's moving papers, including but not limited to the following: the excellent result obtained for the Class – payment by Defendants of $5.5 million in cash, in addition to substantial injunctive relief; the quality and quantity of work performed by Class Counsel – including extensive substantive motion practice, procedural matters, discovery requests and disputes, document review and analysis, all involving novel, complex, and difficult issues of fact and law; the risks faced throughout the litigation, including at the outset; and a reasonable lodestar "cross-check," discussed above.

4. The expenses sought were incurred in connection with the prosecution of the litigation for the benefit of the Class and were reasonable and necessary.

5. Therefore, upon consideration of the Motion for Fees and the accompanying memorandum and declarations, and based upon all matters of record including the pleadings and papers filed in this action and oral argument given at the hearing on this matter, the Court hereby finds that: (i) the attorneys' fees requested are reasonable and proper; (ii) the expenses requested were necessary, reasonable and proper; and (iii) the requested service awards are fair and reasonable to award Named Plaintiffs for their service in to representing the interests of the Class and the general public in the coordinated actions.

6. Accordingly, it is hereby ORDERED and DECREED that:

    a. The Indirect Purchaser Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses and Payment of Service Awards to Named Plaintiffs (Dkt. 868) is **Granted**.

    b. Class Counsel are awarded attorneys' fees in the amount of $1,650,000, equal to 30% of the Settlement Fund.

    c.    Class Counsel are awarded reimbursement of their unreimbursed costs and expenses in the amount of $967,883.58.

    d.    The Court also approves the requested service awards to each Named Plaintiff in the amount of $1,000, for their service in representing the interests of the Class and the general public in this litigation.

    e.    The attorneys' fees, expenses, and incentive awards shall be paid from the Settlement Fund.

**IT IS SO ORDERED.**

DATED: December 14, 2015

B. Lynn Winmill
Chief Judge
United States District Court