UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION | Case No. 4:10-MD-2186-BLW |
| THIS DOCUMENT APPLIES TO: ALL INDIRECT PURCHASER ACTIONS | |

### ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter comes before the Court upon Indirect Purchaser Plaintiffs' ("IPPs") Motion for Final Approval of Class Action Settlement. IPPs and all Defendants ("the Parties") have entered into a Settlement (the "IPP Settlement Agreement") (ECF No. 828-3) which, if approved, would resolve these coordinated IPP class action lawsuits. A hearing on Final Approval of the Settlement was held on December 3, 2015 at 3:30 p.m., in Courtroom 3 before the Honorable B. Lynn Winmill of the United States District Court for the District of Idaho, in Boise, Idaho. At the Final Approval hearing, the Court considered:

    a.    the fairness, reasonableness, and adequacy of the IPP Settlement Agreement, including timely objections, if any;

    b.    whether the Court should grant its final approval to the IPP Settlement Agreement;

    c.    the application of IPP Class Counsel for an award of attorneys' fees and expenses;

    d.    the application of service awards to the IPP Class Representatives; and

    e.  other matters as the Court deemed proper and necessary.

Upon review and consideration of the motion papers and the Settlement Agreement, and all exhibits, including the forms of notice to the Indirect Purchaser Plaintiff Injunction and Monetary Relief Classes (collectively, the "IPP Classes") and the Claim Form, the Court finds that there is a sufficient basis for: (1) certifying the IPP Classes for settlement purposes only and appointing Class Counsel and Named Plaintiffs to represent the IPP Classes; (2) granting final approval of the Settlement; (3) finding that the program disseminating notice to the IPP Classes fully complied with its proposed terms as well as due process and Rule 23 of the Federal Rules of Civil Procedure; (4) granting IPP Class Counsel's application for attorneys' fees and costs and services awards to IPP Class Representatives; and (5) approving the proposed plan of allocation of the Net Settlement Fund.

    **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

  1.  Indirect Purchaser Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. 887) is **Granted**.

  2.  The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation and over the Parties to the IPP Settlement Agreement, including all members of the IPP Classes, the Plaintiffs and Defendants, and any person or entity claiming by, for, or through the settling parties with regard to the Released Claims.

  3.  This Order of Final Approval incorporates the IPP Settlement Agreement. The terms used in this Order shall have the meanings and/or definitions given to them in the IPP Settlement Agreement, as submitted to the Court with IPPs' Motion for Preliminary Approval of Class Settlement (ECF No. 828-3).

4. This action is certified as a class action, for the purposes of settlement only, pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(2), 23(b)(3), and 23(e). The IPP Classes are defined as follows:

> Injunction Class: All individuals and entities who purchased fresh potatoes from retailers in Arizona, California, Florida, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Nevada, New York, North Carolina, Tennessee, Vermont, and Wisconsin for end use and not for resale, between October 14, 2004 and April 10, 2015.
>
> Monetary Relief Class: All individuals and entities who purchased fresh potatoes from retailers in Arizona, California, Florida, Iowa, Kansas, Massachusetts, Michigan, Minnesota, Nevada, New York, North Carolina, Tennessee, Vermont, and Wisconsin for end use and not for resale, between October 14, 2004 and April 10, 2015.

5. Excluded from each IPP Class are Defendants, their alleged co-conspirators, all present or former parents, predecessors, subsidiaries or affiliates of Defendants, all governmental entities, and any judicial officer to whom this case is assigned.

6. On the basis of the entire record before the Court, the Court finds that the IPP Classes fully comply with the requirements of Federal Rule of Civil Procedure 23. Specifically, the Court finds: (1) the IPP Classes are so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the IPP Classes; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the IPP Classes; and (4) the representative parties will fairly and adequately protect the interests of the IPP Classes.

7. Additionally, for purposes of settlement, the Court finds that the Defendants "acted or refused to act on grounds generally applicable to the [IPP Injunctive Relief Class], thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the [IPP Injunctive Relief Class] as a whole." *See* Fed. R. Civ. P. 23(b)(2).

8. Federal Rule of Civil Procedure 23(b)(3) is also satisfied and there are questions of law or fact common to class members which predominate over any questions affecting only

individual members.  Additionally, a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

9. Certification of the IPP Classes shall be without prejudice to the Parties in the event the Settlement does not take effect.

10. The IPP Settlement Agreement is approved as being within the range of reasonableness.  The Court specifically finds that the Settlement Agreement resulted from serious and informed arms'-length negotiations, provides meaningful relief to the IPP Classes, and is not preferential to the IPP Class Representatives or segments of the IPP Classes.

11. The Court finds that IPP Class Representatives Jonathan Rizzo; Trang Nguyen; Kelly Tschantz; John Brashears; Jeffrey Keel; Crystal Tschantz; Gary Tschantz; BreAnne Krabbenhoft; Paul Langer; Kory Pentland; Abigail Rizzo; Julie Ewald; Brendan Farrell; Robert Finch; Benedetto DiLorenzo; Suzy Ivey McCrory; Jeff Potvin; Navtej Bhandari; and Joyce Rizzo have fairly and adequately represented the interests of the IPP Classes and satisfy the requirements to be IPP Class Representatives.

12. Pursuant to Federal Rule of Civil Procedure 23(g), Milberg LLP and Glancy Prongay & Murray LLP, previously appointed by the Court as Interim Class Counsel for IPPs, are appointed IPP Class Counsel.  These firms have, and will continue to, fairly and competently represent the interests of the IPP Classes.

13. The Court appoints Kurtzman Carson Consultants ("KCC" or "Claims Administrator") as a court appointed expert in notice and claims administration and authorizes KCC to perform the duties set forth in the IPP Settlement Agreement regarding settlement administration.

14.     The Court finds that KCC caused the Notices of Proposed Class Action Settlement ("Class Notice"), substantially in the form attached to the Declaration of Daniel Rosenthal in Support of Indirect Purchaser Plaintiffs' Settlement Notice Plan as Exs. 1 and 2 (ECF Nos. 828-6, 828-7), to be published in accordance with the proposed Notice Program as set forth in the Declaration of Daniel Rosenthal on Implementation of Indirect Purchaser Plaintiffs' Settlement Notice Plan and on Receipt of Exclusion Requests, Objections and Claims Forms ("Rosenthal Decl."), filed contemporaneously herewith.

15.     IPP Class Counsel is authorized to withdraw the costs and expenses associated with the dissemination of Class Notice and the fees of the Claims Administrator from the Settlement Fund, consistent with the Parties' agreement.

16.     Class Notice informed members of the IPP Classes who intended to object to the fairness, reasonableness, and adequacy of the Settlement to send a letter to the Claims Administrator containing a detailed statement of the grounds for any objection to the proposed IPP Settlement Agreement no later than October 16, 2015.

17.     One objection was received from Mr. Michael Narkin ("the Narkin Objection"). Upon consideration of the substance of the Narkin Objection and IPP Class Counsels' submissions regarding the objection, the Court finds that the Narkin Objection should be OVERRULED.

18.     Members of the IPP Classes were informed they could elect to exclude themselves from the IPP Settlement Agreement, relinquishing their rights to any and all benefits under the IPP Settlement Agreement. Members of the IPP Classes who excluded themselves from the IPP Settlement Agreement did not release their claims pursuant to the Release set forth in the IPP Settlement Agreement.

19. One request for exclusion from the Classes was received from Megan McCall (*see* Rosenthal Decl., Ex. 4). Any member of the IPP Classes who submitted a timely request for exclusion is deemed to have waived any rights or benefits under the IPP Settlement Agreement.

20. The Parties have negotiated certain prescriptive rules of conduct contained in the Consent Order, annexed as Exhibit 2 to the Declaration of Susan G. Kupfer, filed June 1, 2015 (ECF No. 828-4), and also annexed hereto as Exhibit 1 to this Order. The Parties agree to issuance of the Consent Order and the Court's continuing exercise of jurisdiction over enforcement of its terms for the period contained therein.

21. Upon Final Approval of the IPP Settlement Agreement, the Releasees shall be completely released, acquitted, and forever discharged from any and all Released Claims, as set forth in the IPP Settlement Agreement. Notwithstanding anything in this Paragraph, Released Claims shall not include, and the IPP Settlement Agreement shall not and does not release, acquit or discharge, claims based solely on purchases of Fresh Potatoes outside of the Class Jurisdictions. This Release is made with full recognition of the possibility of subsequent discovery or existence of different or additional facts.

22. If the Court's approval of the IPP Settlement Agreement is modified or set aside on appeal, or if the Court does not enter Final Judgment as provided for in the IPP Settlement Agreement, or if the Court enters the Final Judgment and appellate review is sought and, on such review, the Final Judgment is not affirmed, then each party has, in its sole discretion, the option to rescind the IPP Settlement Agreement within ten (10) business days of the action giving rise to such option.

23. For the benefit of the IPP Classes and to protect the Court's jurisdiction, the Court retains continuing jurisdiction over the Settlement proceedings.

24. The Parties are directed to carry out their obligations under the IPP Settlement Agreement.

25. This is the final Order and Judgment resolving the case.

**IT IS SO ORDERED.**

DATED: December 14, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court