UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IN RE: FRESH AND PROCESS POTATOES ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 4:10-MD-2186-BLW<br><br>ORDER |

The Court has before it DPP's Motion for Court Determination of Settlement Fund Distribution to ACRS/Sysco Foods (Dkt. 935). DPPs ask the Court to enter an order determining whether and to what extent Sysco Foods headquarters, by and through third-party claims filer ACRS Group LLC, may participate in the distribution from the Settlement Fund established by the Settlement Agreement.

Under paragraph 9 of the Court's Order finally approving the Settlement Agreement, the Court retained jurisdiction over the implementation, enforcement and performance of the Agreement. In the Court's December 14, 2015 Order granting final approval to the Settlement Agreement, the Court authorized KCC to accept late-filed claims. The Order was based on representations by Settlement Class Counsel and KCC regarding the number of late filed claims at the time Settlement Class Counsel filed their motion for final approval of the Settlement Agreement and for approval of the Plan of

Allocation in November 2015. But in so authorizing KCC to accept late-filed claims, the Court did not have the benefit of information about the circumstances now presented – a claim filed eight months late with a material impact on other claimants. That is, on June 14, 2016, third-party filer ACRS Group LLC submitted a claim for distribution of proceeds from the Settlement Fund for the benefit of Sysco Foods headquarters and 94 affiliates, eight months after the court-ordered claims submission deadline of October 16, 2015. Approval of the ACRS/Sysco claim, the largest submitted, would materially impact the distribution to other DPP Settlement Class Member claimants whose claims have been deemed eligible and have been verified.

Under these circumstances, the Court finds that ACRS/Sysco may not participate in the distribution of the Settlement Fund. The Court notes that the Court authorized KCC to accept late filed claims in the motion for final approval of the Settlement Agreement and for approval of the Allocation Plan because those claims were submitted within days of the claims deadline, and payment of those claims would maximize the benefit of the Agreement to Settlement Class and of the release to Defendants. The Court further notes that of these late-filed claims (totaling 17) only three turned out to be eligible claims once verified. And all three of those claims were reported to the Court at the time Plaintiffs sought final approval of the Settlement and the Allocation Plan – one was filed online the day after the October 16, 2015 claims deadline, and two were received by mail postmarked on October 21, 2015 and November 2, 2015. All three claims account for

direct Fresh Potato purchases in the combined amount of 7.3% (two of which are de minimis amounts) relative to total verified purchases claimed by all eligible claimants.

In contrast, the ACRS/Sysco claim is by far the largest claim submitted, and by far the latest claim submitted – nearly eight months late. If accepted, it would constitute nearly 26% of all valid purchases claimed. This equals almost $3 million of the approximately $11.5 million available for distribution to Settlement Class claimants. Obviously, that means it would reduce the amounts which other claimants would otherwise receive by 26% as well. For example, the next largest claim would be reduced from $2.67 million to $1.97 million. This is a significant reduction to all other claims.

Sysco suggests that their late-filed claim should be allowed because of excusable neglect. In such cases, the Court must consider (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the filer, and (4) whether the filer acted in good faith. *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004).

Whether the opposing party here is the Defendants, the Claims Administrator, or the settlement class members, there is prejudice to all. Although Defendants' monetary obligation would not change if Sysco were permitted to participate in the distribution, there is always prejudice in lengthy delays and lack of finality, as is the case here because of the late-filed claim. The prejudice to the Claims Administrator is substantial because Settlement Counsel had already completed its analysis of the then submitted claims on
ORDER - 3

May 2016, a month before Sysco submitted its claim. And the prejudice to the other settlement class members is even greater because it reduces their already calculated settlement amounts by 26%. Sysco's argument that there is no reduction because Sysco is "every bit as entitled to its share of the settlement fund as are the remaining settlement class members" is unpersuasive and untrue because of the very fact that they submitted their claim eight months late.

The length of delay also cuts against allowing Sysco to participate. But for the need to address Sysco's late-filed claim, distributions would have occurred by now. And the reason for the delay also warrants denial of Sysco's claim. There is no indication that Sysco did not timely receive notice of the settlement like all other claimants. Sysco gives no valid reason why it did not even consider applying until approximately four months after the deadline, and then only at the behest of ACRS. This was a significant delay, particularly when Sysco admits it was able to put together summary records within weeks after starting to look at them.

Finally, Sysco suggests it acted in good faith by working hand-in-hand with ACRS to determine its affiliates' eligibility to participate in the settlement. Sysco also suggests it worked in good faith with the Claims Administrator and class counsel to provide all required documentation. But even if Sysco worked in good faith once it began the process, it cannot overcome the fact that it did so very late in the game. By not even attempting to start the claims process until four months after the deadline, Sysco did not

act in good faith. Accordingly, the Court will order that ACRS/Sysco not participate in the distribution of the Settlement Fund.

**IT IS ORDERED:**

1. DPP's Motion for Court Determination of Settlement Fund Distribution to ACRS/Sysco Foods (Dkt. 935) is **GRANTED**. ACRS/Sysco may not participate in the distribution of the Settlement Fund.

DATED: December 21, 2017

B. Lynn Winmill
Chief Judge
United States District Court